## Mills v. Lantrip, et al.

(Decided May 9, 1916.)

## Appeal from Hopkins Circuit Court.

1. Clerks of Courts—Allowance for Services—Fiscal Courts.—Fiscal courts cannot make allowances to an official for ex-officio services unless expressly authorized by statute.

2. Clerks of Courts—Clerks of Fiscal Courts—Services.—A clerk of the county court under section 1835, Kentucky Statutes is ex-officio clerk of the fiscal court, and all services performed by him upon the order of the fiscal court as its clerk, or having any affinity or connection with his duties as such, are ex-officio services.

3. Clerks of Courts.—The fiscal court, under section 1835 Kentucky Statutes, is required to make a reasonable annual allowance to the clerk of said court, which is in full payment for every service he can perform as such.

4. Counties—Action by Citizen and Taxpayer to Recover Illegal Payment.—Upon refusal or failure of the fiscal court to take steps to recover sums illegally paid by it out of the county funds, when requested so to do by a citizen and taxpayer of the county, an action can be maintained by the citizen and taxpayer for and upon behalf of the county to recover said illegal payments.

LAFFOON & WADDILL for appellant.

MILTON CLARK, C. A. DENNY and CLARK & DENNY for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The appellant, Will T. Mills, was clerk of the Hopkins county court from January, 1906, to January, 1914. On August 24, 1914, appellees, twenty-one in number, who were taxpayers and citizens of Hopkins county, brought this suit against appellant to recover of him for the benefit of all the citizens and taxpayers of said county the sum of $1,888.91, alleged to have been illegally allowed and paid to him by the fiscal court for his services during the time he was county clerk as aforesaid.

In the petition the fees alleged to have been paid to appellant illegally were divded into nineteen different classes or items, and the total number and aggregate amount of payments made to appellant during the eight years he was county clerk under each of these several classes of payments are set out, and those payments

made more than five years before the institution of the suit are indicated, but each particular item is not set out.

The petition further alleges that, at the regular April, 1914, term of the fiscal court, the appellees made written demand on said court to institute the necessary action to recover of appellant all of said sums, and that said court failed and refused to institute action, or to take any steps to recover said money or any part thereof.

Appellant filed a demurrer, a motion to strike out and a motion to require appellees to make their petition more definite and certain, all of which were overruled. He then filed answer, set-off and counterclaim, in which he admitted the payments to him as charged in the petition, but denied that they were illegally paid, and pleaded *res judicata* as to a part of the items, the statute of limitations to all payments made five years before the institution of the action and attempted to plead as a set-off and counterclaim items to the amount of $946.00 alleged to be due him from the county for service rendered by him as county clerk and, in addition, he alleged that the appellees were not acting in good faith.

The demurrer was sustained to the separate paragraph in which the set-off and counterclaim were asserted, and a motion to strike out of the only other paragraph in the answer so much of same as pleaded *res judicata*, and the allegation that appellees were not acting in good faith was sustained and said parts stricken from the petition.

The cause then being submitted upon the pleadings a judgment was rendered against appellant for the sum of $794.30, the aggregate of the following items, which does not include any item barred by limitation:

Item No.  1. Entering orders of exoneration............$244.50
Item No.  2. For recording sheep claims.................... 105.30
Item No.  3. For recording delinquent tax list...... 20.00
Item No.  6. Making small individual index
              books ................................................................ 75.00
Item No.  7. Recording school superintendent
              settlements ...................................................... 5.50
Item No.  8. Recording sheriff's settlements........... 36.00
Item No.  9. Making orders calling terms of fis-
              cal court ........................................................ 15.75

Item No. 10. Recording license collections reports ............................................................... $56.00
Item No. 11. Registering voters. .............................. 7.35
Item No. 12. Recording report of delinquent taxes ...................................................... 22..50
Item No. 13. Recording school census........................ 44.85
Item No. 15. Recording sheriff's sale for taxes... 40.25
Items 16 & 19. Listing omitted tax payments............ 106.00
Item No. 17. Orders appointing tax supervisors   12.50
Item No. 18. Orders approving assessor's report     3.00

                                        $794.50

This court has frequently held that a fiscal court is a court of limited jurisdiction and is only authorized to do such things as the statute permits or directs it to do, and that it has no authority to allow compensation or fees to any officer as a claim against the county unless the law provides for the payment thereof. Wortham v. Grayson County, 13 Bush 53; Morgantown Deposit Bank v. Johnson, 108 Ky. 507; 56 S. W. 825; Woodruff v. Shea, 152 Ky. 657, 153 S. W. 1005; Taylor v. Riney, 156 Ky. 393, 161 S. W. 203.

And this court has clearly distinguished in many cases the proper method to pursue to avoid an order of the fiscal court appropriating money, holding that if there was authority of law to make a payment, the orders making the allowance were not void, and the only relief is by appeal. Hickman County v. Scarborough, 148 Ky. 561, 147 S. W. 31. But if there was no authority of law for the payment, the orders making the allowance were void and the money could be recovered in a direct proceeding by the proper officers of the county, or upon their failure after demand, by a suit filed by a citizen upon behalf of the county. Commonwealth v. Richmond, 148 Ky. 849, 147 S. W. 913. And that in allowing claims the fiscal court acts ministerially and not judicially. Owen County v. Walker, 141 Ky. 516, 133 S. W. 236.

Counsel for appellant in order to sustain his contention that the order of the fiscal court allowing him the claims above set out are binding judgments and cannot be attacked collaterally, cites the case of Boone Co. v. Dills, 5 K. L. R. 135, which upholds that contention, but the opinion in that case was rendered by the Superior Court, has never been followed and is at variance with the many decisions of this court rendered since that

time upon the same question, and we are not now in a position to accept it as authority even if we concurred in its conclusions, which we do not.

It is provided by our statutes, section 1749, that no fee bill shall be made out or compensation allowed for any *ex officio* service rendered or to be rendered by any officer, and this section has been construed in many cases that the fiscal court is without authority to allow compensation for any service required of an officer unless a fee is expressly allowed by law. Wortham v. Grayson County, 13 Bush' 53; Morgantown Deposit Bank v. Johnson, 108 Ky. 507; Suter v. Stone, 108 Ky. 518; Mitchell v. Henry County, 124 Ky. 833; Young v. Jefferson County, 100 S. W. 335; Fiscal Court v. Pflanz, 127 Ky. 8; Owen County v. Walker, 141 Ky. 516 and Elliott v. Commonwealth, 144 Ky. 335.

Appellant concedes that items 1, 9, 15 and 17 as set out above are not warranted by law, and that the judgment for the recovery of these items is correct. He admits that items 2, 3, 7, 12 and 13 are for allowances made to him for his services for which there was no express authority of law except under section 1840 of the statutes giving to the fiscal court jurisdiction "to regulate and control the fiscal affairs and property of the county." He maintains that the fiscal court had the power in the exercise of its discretion to direct him to record upon the order books of said court instruments of writing which the court deemed expedient to be recorded but which were not required by any law to be entered of record; that as to each of said several items, he was ordered by the fiscal court to perform said services, and after having done as he had been ordered that he was entitled to be compensated therefor; that said services were not *ex officio* and were ordered to be done by the fiscal court in matters within its jurisdiction.

In the first place appellant was in error in assuming that these services were not *ex officia.* Section 1835 of the statutes provides:

"The clerk of the county court of each county shall, by virtue of his office, be clerk of the fiscal court. He shall attend its sessions and keep a full and complete record of all its proceedings, with a proper index. For his services the fiscal court shall annually make him a reasonable allowance, to be paid out of the county levy."

By express provision of this section of the statute the clerk of the county court is *ex officio* clerk of the fiscal court, and everything he does or can do as clerk of said court is done *ex officio*. It is his duty to keep a full and complete record of all its proceedings with a proper index.

In the next place appellant is in error in assuming that the provision of Section 1840 of the Kentucky Statutes giving fiscal courts jurisdiction "to regulate and control the fiscal affairs and property of the county" authorizes that court to increase the compensation of an officer by increasing his duties. As assumed by appellant it is his duty to make such records as the fiscal court may order, for that is exactly what, as its clerk, it is his duty to do; but this section does not authorize the payment of any fee therefor except as expressly authorized by statute. Nor does it give to that court jurisdiction to regulate or control the fiscal affairs or property of the county, except within the narrow limits defined in the first part of this opinion, i. e., express statutory authority. Appellant admits that for his services as clerk of the fiscal court as provided in this section of the statute, he was allowed $10.00 per diem by the fiscal court and this allowance necessarily covers all of his services as clerk of said court. The payments covered by the items under consideration were additional allowances made to him by the fiscal court for which the $10.00 per diem was a complete and full settlement. It therefore results that each of said allowances was illegal and void, and that the trial court did not err in rendering judgment against him for said sums.

Items 6, 10, 16 and 19 cover *ex officio* services enjoined upon him by sections 513, 4242 and 4064 respectively of the statutes, for which no fees are provided by law, and for which the fiscal court was without authoritw to make allowances. Hence the orders allowing these sums were void and the trial court properly gave judgment against appellant for same.

Item 18 is for entering orders approving the assessor's books, which was a part of his duties as clerk of the board of supervisors under section 4126 of the statutes for which he had already been paid as provided under section 4127 of the statutes. Hence the further allowance to him by the fiscal court for this item was

void and the judgment against him for said amount was proper.

Under item 11 judgment for $7.35 was rendered against appellant for the allowance made to him for registering 49 voters in excess of that allowed by law under section 1506 of the statutes, he having been allowed 25 cents instead of ten cents for registering each voter. So much of the allowance for that purpose as was in excess of that provided by law was void and the judgment against him for the recovery of the excess was proper.

This disposes of all the items included in the judgment against appellant except item eight, which is alleged to be for recording sheriff's settlements, $36.00. In the petition it is alleged that this charge was for recording sheriff's settlements. This is denied in the answer, which avers that this charge was made for recording treasurer's settlements and joint sheriff's and treasurer's settlements which were ordered to be recorded by the fiscal court. Section 933 of the statutes provides that all settlements of the county treasurer shall, by order of the court, be recorded by the county clerk, and for his services he shall receive the same compensation as allowed by law for similar services, which by section 1720 is fixed at one cent for each ten words. The allegations of the answer in reference to this item were not traversed and the clerk was entitled to these fees. Hence it was error for the trial court to give judgment against him for said amount.

Appellant complains of the action of the lower court in overruling his demurrer to the petition, but we think the petition stated a cause of action. He also complains because his motion to require appellee to make the petition more definite and certain was overruled, and this motion should have been sustained, but the error is not prejudicial as appellant admitted in his answer that he had been paid all of the items set out in the petition. He also argues that the court erred in sustaining a demurrer to the second paragraph of his answer in which he attempted to plead a set-off and counterclaim, but this objection is without merit, as this paragraph of his answer is not good for two reasons. (1) Because he did not allege that the item therein asserted against the county had never been paid, and (2) the itemized ac-

count of said charges contained no item for which he was entitled to pay.

He also complains that his plea of *res judicata* as to a part of the items with which he was charged was not sustained. To sustain this plea he presented an order of the county court overruling exceptions to those parts of the sheriff's settlement in which the sheriff was credited with these same items paid by him to appellant upon orders of the fiscal court, but appellant was neither a party nor a privy to that proceeding, and the county was not precluded by these orders of the county court from recovering them in this action.

Appellant also insists that ''a court of justice ought not to permit actions of this character to be brought and prosecuted by a few citizens without a substantial showing that the fiscal court will not act'' for the alleged reason that ''a small lot of irresponsible malcontents might substitute themselves for the fiscal court and as unworthy representatives of the respectable citizenship of a great county undertake important and unnecessary litigation with counsel of their own selection.''

We certainly cannot concur in this contention of counsel for appellant. It is alleged in the petition and admitted in the answer that before this action was instituted appellees filed a written request with the fiscal court, that it bring such an action, and it is further alleged in the petition that the fiscal court failed and refused to do as requested by appellees. This allegation is denied by appellant, but this request was filed in the court at its April, 1914, term, and this suit was not filed by appellees until August 24, 1914, when, the fiscal court having taken no action whatever toward the collection of this money, appellees had a right to assume that it had refused, as it had failed, to do so; and, not only should the courts of justice not discourage or frown upon the efforts upon the part of the citizens of the State to compel a strict observance by public officials of their duties and obligations, but, upon the other hand, they ought, so far as authorized by law, encourage such practice. No better illustration of the wisdom of the rule of practice thoroughly established in this State permitting citizens and taxpayers to maintain an action for the recovery of illegal payments to officials can be found than the case at bar. An awakened civic conscience is essential to the preservation of our institutions, and

every consideration of public policy commends the qualities of good citizenship displayed by the appellees here.

Because of the error in charging appellant under item eight with $36.00 for recording treasurer's settlements, the judgment is reversed with directions to enter a judgment against appellant for the sum of $758.30.