### Logan County v. Russell.

(Decided June 3, 1924.)

#### Appeal from Logan Circuit Court.

1. Clerks of Courts—Counties—Officer Cannot Collect Fees Unless Especially Authorized by Statute.—County court clerk or other public officials of county cannot charge and collect fees of county for services, except where they are specifically authorized by statute.

2. Clerks of Courts—Counties—Fiscal Court Cannot Allow Compensation for Services for which Statute Provides no Fees.—Fiscal court is not authorized to allow clerk of county court or other public official compensation for services for which statute provides no fees, and which he is obliged to perform as a part of duties of his office, and county may recover any money allowed and paid for such services in direct proceeding for that purpose.

I. G. MASON and S. H. BROWN for appellant.

COLEMAN TAYLOR, S. R. CREWDSON and S. Y. TRIMBLE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Reversing.

Appellee Russell was clerk of the Logan county court for sixteen consecutive years, retiring on the first Monday in January, 1922; and this suit by Logan county against him is to recover named sums of money which it is alleged in the petition were paid to him in part on claims allowed by the fiscal court of Logan county for services rendered to the Logan fiscal court and the Logan county court for which the statutes provide no remuneration. It is charged that the money was unlawfully and erroneously paid to him and that he is liable to the county

for these sums as money had and received. A general demurrer was sustained to the petition with leave to amend but appellant county declined to further plead and its petition was dismissed, hence this appeal.

The question is, does the petition state a cause of action in favor of the county against the appellee Russell?

It is in substance averred in the petition that appellee Russell was the duly elected, qualified and acting clerk of the Logan county court for sixteen years next before the first Monday in January, 1922, and by virtue of said office was clerk of the Logan county fiscal court; that during said time appellee was paid a fixed and stipulated salary as clerk of the fiscal court in lieu of fees and that since the first Monday in January, 1916, the appellee Russell in his official capacity was required by law and it was his duty to perform various and sundry services for the county for some of which he was authorized by law to charge and collect a fee and other services for which he was not warranted or authorized to charge. That on April 3, 1917, appellee Russell presented a claim against Logan county to the Logan county fiscal court for allowance for alleged services rendered prior thereto, to the amount of $168.91, and that said claim was allowed and thereafter paid to Russell with interest from the date of its allowance, and that in said claim were embraced items that were not authorized by statutes to be charged against and paid by county to such officer. The petition then sets out the following items:

Sept. 27, 1916, to order calling fiscal court and
  8 copies .................................................................... $2.25
Oct. 30, 1916, to lunacy—inquests............................ 10.00
Oct. 30, 1916, to 48 orders, copies, &c., ap-
  point overseers, $48.00, same being an over-
  charge of .................................................................... 12.00
Feb. 16, 1917, to order calling fiscal court and
  8 copies .................................................................... 2.25
                                                                              _____
      Total erroneous charges .................................. $26.50

"Plaintiff further states that the defendant on September 19, 1917, presented another claim against Logan county for $626.46, and on or about said date at a called September term of said Fiscal court of Logan county in said year the same was allowed in full and thereafter paid to defendant with interest from September 19, 1917;

the said claim as allowed and paid contained and embraced numerous illegal charges against the plaintiff, which said items are as follows, to-wit:

April 25, 1917, to order calling fiscal court and 8 copies ........................................................................... $2.25

June 30, 1917, to order calling fiscal court and 8 copies ........................................................................... 2.25

Sept. 17, 1917, to 100 orders, copies, &c., appointing road overseer from April 21 to Sept. 4, 1917, $100, same being an overcharge of ......................................................................... 25.00

Sept. 17, 1917, to 4 lunacy inquests........................... 10.00

Aug. 11, 1917, to order calling fiscal court and 8 copies ........................................................................... 2.25

Sept. 14, 1917, to order calling fiscal court and 8 copies ........................................................................... 2.25

Total erroneous charges in last statement $44.00''

There are other items set forth in the petition in the same form and substance of the foregoing, which we deem it unnecessary to copy or set forth. It is averred that appellee Russell embraced in the claims a charge of one ($1.00) dollar for each order and copies appointing road overseers, and that this is an overcharge of twenty-five (25c) cents on each claim of one dollar ($1.00), the regular fee allowed for such services being seventy-five cents (75c); and that the overcharge of twenty-five cents (25c) was ''wholly unauthorized, and the order allowing such is an excessive fee, is void and all sums collected upon said unlawful allowance should be returned to the plaintiff.''

''Plaintiff further states that each and every item above mentioned and set out as illegal, was and is an unlawful charge against the plaintiff, that the said allowances and payments made thereunder were unauthorized by any statute or other law, that is to say, they do not comport with the law in any respect, that the fiscal court of Logan county had no authority to allow or pay or order any of said alleged illegal items above mentioned to be paid, and the said allowances and payments above set out and indicated were void and plaintiff is entitled to recover the same from defendant with interest from their allowance, since the warrants bore interest from date.''

In addition to the foregoing items the petition charges that the Logan fiscal court on November 19, 1919, at the instance of appellee Russell allowed him a claim of $17.05 as expenses to road meeting in Louisville, and on June 19, 1920, another claim for $16.83 was allowed by the fiscal court to appellee as expenses to another meeting, and that these claims were both later paid to appellee.

It is next charged that appellee, while acting as clerk for the Logan county court and clerk of the Logan fiscal court on November 11, 1920, issued to himself a warrant No. 916, for $110.00 for what purported to be "one-half expenses trips to Frankfort, self, Edwards, Smith, Clarksville and Morgantown roads," and it is charged that the fiscal court made no such allowance to appellee nor directed the issual of such warrant, and that the warrant was paid to appellee out of the funds of the county without authority of law. It is also alleged with respect to the foregoing items that due demand was made of appellee by the county for the return of said sums, and these demands being refused, this suit was authorized by the county.

It is well settled that a county court clerk or other public officials of a county cannot charge and collect fees of the county for services in any case except where such fees are specifically authorized by statute. We have held in several instances that certain services required of the county court clerk and other officials of the court must be performed by them without direct remuneration, such services being incident to the performance of the duties of the office and for which such officers are compensated indirectly by fees and emoluments otherwise pertaining thereto. In other words, the county court clerk undertakes to perform certain duties for which no fees are specifically provided by statute when he assumes the duties of the office, accepting for all such services the compensation allowed by law for other services specifically mentioned in the statutes. The fiscal court is not authorized to allow a clerk or other public official compensation for services for which the statutes provide no fees and which the clerk is obliged to perform as a part of the duties of his office, and if the fiscal court attempts to make an allowance in such case its action is absolutely void and the county may, if the money is paid to and appropriated by the clerk, have a recovery in a direct proceeding for that purpose. These principles are thor-

oughly stated in Elliott v. Commonwealth, 144 Ky. 335, and other cases there cited. Mills v. Lantrip, 170 Ky. 83; Ray v. Woodruff, 168 Ky. 566; Grinstead v. Carter, 181 Ky. 335; Morgantown Bank v. Johnson, 108 Ky. 507.

We conclude that the petition stated a cause of action in favor of the county and against appellee Russell, and that the trial court erred in sustaining a general demurrer thereto, for which reason the judgment is reversed for proceedings not inconsistent herewith.

Judgment reversed.