# Taylor, for Use and Benefit of Laurel County, v. Jones.

(Decided March 9, 1934.)

MARTIN T. KELLY for appellant.
H. C. CLAY, J. B. WALL and J. K. LEWIS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing in part and affirming in part.

Appellant sought to recover of appellee $1,711.11 alleged to have been illegally paid him by the fiscal court of Laurel county, he recovered $50.89 only and he has appealed and Jones has prosecuted a cross-appeal. Acting under a contract with the fiscal court made September 16, 1931, Taylor employed an auditor and claims they discovered that Jones had been paid many fees for the allowance of which there is no warrant of law. This auditor prepared a report which showed claims due from many of the county officers and Taylor filed it with the fiscal court, which gave the county attorney instructions to make demand of the various officers by writing them and he did so. Some of these officers claimed to have found many errors in this audit and the fiscal court declined to take further action whereupon Taylor sued for himself and other taxpayers. Jones insists no report of a claim against him was included in the auditor's report filed with the fiscal court, but Taylor says they were all filed at once and there is enough in the record that we shall not disturb the chancellor's judgment on that score.

Jones filed an answer in three paragraphs, the first was a traverse, the second pleaded slight errors in some of the items of the claim, and in the third he pleaded the five-year statute of limitations (section 2515, Ky. Stats.) as to some of the items of the claim. Plaintiff

filed two paragraphs of reply. The first completed the issue relative to the second paragraph of the answer and in the second paragraph of his reply he sought to postpone the starting of the statute by relying on section 2519, Ky. Stats., and pleading these claims had been fraudulently obtained from the county and that the fraud could not with reasonable diligence have been discovered until within five years before the beginning of this suit. Defendant filed a demurrer to it, the court properly sustained it, and Taylor did not amend.

## The Judgment Against Jones.

The court gave judgment against Jones for the following sums:

| | | |
|---|---|---:|
| (a) | For signing and sealing bonds | $14.87 |
| | Certifying to J. C. May & Co. | 3.50 |
| | Certifying to J. C. May & Co., copies | 9.75 |
| (b) | Fees Campbell and Smith cases | 6.00 |
| | Cost in Russell Case | 1.50 |
| (c) | Completing books of assessment | 7.50 |
| | Completing Supervisor's books | 7.77 |
| | Total | $50.89 |

We have grouped these items. Group (a) is for services rendered by Jones in connection with a bond issue of $200,000 made by the county, and for expressage on bonds, orders, copies, etc., which he says he paid. As to the expressage, if that had been presented and allowed as a separate claim, we would hold he was entitled to it, but there is nothing in the claims as asserted or allowed to show any part of these group (a) claims was for expressage and Jones is bound by the record and cannot now by evidence show that while he was not entitled to the allowance of them as asserted, he was entitled to be allowed them for something else. He must be entitled to the allowance of these claims for the services for which he asserted them and not otherwise. As asserted, these claims were not valid claims and their allowance cannot be sustained.

These claims as asserted and allowed were for services performed by the clerk and which no one else could perform, but for which there is no authority of law for him to collect from the county, they represent services which he must render by virtue of his office, but for which there is no warrant of law for him to

charge and collect. See Mills v. Lantrip, 170 Ky. 81, 185 S. W. 514.

Group (b) is for fees in three cases, but what sort of cases they may be does not appear. The trial court's action as to them is affirmed.

Group (c). The evidence shows that Jones received $7.50 on each of these, the court charged both of them to him as sued for, and that action must be approved, in the absence of explanation of why the face value of the warrants was not obtained, for so far as we know, Jones may have sold them at a discount. The clerk is allowed by sections 4121, 4121-2, 4126, and 4127 for his services in connection with the assessment of property, and, if these claims had been so made out as to show they came within the provisions of those sections, they would be valid claims, but nowhere in the statutes do we find any provision for paying the clerk for completing the books of assessment or completing supervisor's books.

The clerk of the county court is by section 4121-2, Ky. Stats., the clerk of the board of supervisors and allowed not more than five days after the adjournment of the board for the correction of the tax books and he is by section 4127 allowed $3 per day for each day of actual attendance of the meetings, one-half to be paid by the county and one-half by the state, but nowhere do we find warrant of law for the payment of such claims as here asserted. To allow claims upon the theory that they may possibly include claims allowable under those sections could lead to gross abuses. They must be so made out as to show on their face they must and did come within those sections. Therefore the judgment is affirmed upon the cross-appeal.

### (d) County Court Orders.

Warrant 699, county court orders (1929), for $6.09 was attacked as an illegal allowance. There are certain orders for which the law provides the clerk shall be paid out of the county levy, for example, by section 1720, he is allowed 25 cents for each order made by him in a proceeding in which a road is established, changed, closed, or discontinued and for each order appointing a surveyor of a road, but there is nothing here to show these were such orders and to sustain allowances simply for "County Court Orders," could lead to grave abuses, therefore we must hold these claims were illegally allowed and Jones must repay them.

### (e) Road Overseer Order.

Warrant 1365, court overseer road order, October 4, 1927, $28.56.

By Ky. Stats. sections 4356p, 4356q, and sec. 4356r, as amended by Acts 1932, c. 159, sec. 1, provision is made for the appointment of road overseers and their duties are defined, but no provision is made for paying the clerk for entering the order of appointment, and, in the absence of such a provision, this is one of the duties the clerk must perform without pay.

### (f) Claims Barred by Limitation.

Appellee had pleaded limitations as to claim under the following warrants:

| | |
|---|---:|
| Warrant No. 740, County Court Orders | $ 9.85 |
| Warrant No. 831, Extra work on sheriff's books | 75.75 |
| Warrant No. 1047, Preparing ballot boxes | 64.00 |
| Warrant No. 1048, County Court Orders | 5.80 |
| Warrant No. 1049, List | 100.00 |
| Warrant No. 943, Clerk Fiscal & Juvenile Courts | 300.00 |
| Warrant No. 738, Waiting on Fiscal Court | 229.00 |
| Warrant No. 739, Juvenile (cases) 25 | 25.50 |
| Warrant No. 15, Preparing 31 ballot boxes for Nov., 1924 | 39.84 |
| Warrant No. 1343, County Orders for 1923 | 122.75 |
| Warrant No. 1364, County Orders for 1921 | 3.57 |

The proof supported his plea and properly they were not allowed against him.

### (g) Preparing Ballot Boxes.

| Warrant No. | | Year | Amount |
|---|---|---|---:|
| 1366 | 64 Ballot boxes for August | (1927) | $ 76.16 |
| 1711 | Preparing 32 ballot boxes for Nov. | (1927) | 32.00 |
| 127 | Preparing 32 ballot boxes for Nov. | (1928) | 32.00 |
| 698 | Preparing election ballot boxes | (1929) | 40.00 |
| 891 | Balance on ballot boxes for Aug. | (1929) | 24.00 |
| 890 | 32 Ballot boxes for Nov. election | (1929) | 32.00 |
| 1547 | Refund on ex ballot boxes | (1929) | 25.26 |
| 1804 | Preparing and delivering Gdr. etc. | (1930) | 107.04 |
| | Total | | $368.46 |

On the face of these claims it appears that the above sums were allowed to the appellee for his services in connection with the preparation of ballot boxes for use in these elections, and, as such, they were not allow-

able.   See Harlan County v. Blair et al., 243 Ky. 777, 49 S. W. (2d) 1028.

Appellee now testifies that the above sums were allowed him for expenses to which he was put in connection with these elections.   If he in fact incurred legitimate expenses in connection with these elections, it would be proper for him to present his claims in proper form for such expenses at the proper time to the fiscal court and for it to exercise its discretion as to the allowance thereof, but neither the trial court nor this court can allow such a claim originally, whether it may be presented directly or be presented indirectly with the suggestion that such was the real indebtedness for which the above allowances were made under the guise of allowances for the preparation of ballot boxes.   See Ray v. Woodruff, 168 Ky. 563, 182 S. W. 662.

The trial court erred in not including these claims in its judgment against appellee.

### (h) Supervisors' Notices.

Warrant No. 80, No. 180, or No. 280 (it is given all three ways) was received by appellee.   It is:

Issuing and filing supervisors' notices .........................$112.95
Also Warrant No. 1419, Supervisors' notices ................. 139.10

Total ............................................... $252.05

The pleadings show this was for services rendered in 1930.   He was then entitled by section 4121-2, Ky. Stats., to 10 cents for each notice issued and 5 cents for filing each return of the sheriff thereon, and, while it would have been far better for these warrants to have stated how many notices were prepared and how many returns were filed, still we are without authority to hold these claims invalid for that irregularity, hence we affirm the action of the trial court in holding these to be valid claims.

### (i) Assisting Board of Supervisors.

Warrant No. 1271 for $31.55 was issued to appellee for "Assisting Board of Supervisors."   There is no statutory provision for paying for such services.   All of the services connected with the board of supervisors for which the clerk is entitled to pay are those set out in section 4121 and section 4121-2, Ky. Stats., and for

that he gets paid as provided in the latter section and in section 4127.

The trial court should not have allowed this claim.

### (j) Clerk of Juvenile Court.

We are grouping under this head the following claims:

| | | | |
|---|---|---|---|
| Warrant No. 510 | Juvenile cases | (1928) | $25.00 |
| Warrant 1738 | Juvenile cases | | 25.35 |
| Warrant 2067 | Juvenile cases | (1930) | 25.00 |

By section 1835, Ky. Stats., the clerk of the county court is ex officio clerk of the fiscal court and the fiscal court is required annually to make him a reasonable allowance for his services, and by section 331e-2, Ky. Stats., the fiscal court is required annually to make him a reasonable allowance for his services as clerk of the juvenile court. Therefore the trial court correctly found these were valid allowances.

### (k) Recording Deeds.

Warrant 1070, recording deeds for the county, $25.59, was attacked. Appellee denies that he got this warrant. He was asked to produce this and other warrants which were in his official custody. He promised to do so but did not. The law frequently casts the burden of proof upon the party best able to sustain it. 22 C. J., p. 81, sec. 24. With these warrants in his official custody he should have produced them, and, having failed to do so, he must suffer the consequences. When the evidence is in the hands of a party and he is asked for it and declines to produce it and gives no reasonable excuse for so failing, the presumption is it would support the claim asserted against him. See 22 C. J., 966, sec. 1201½. Ledford v. Hubbard, 219 Ky. 9, 292 S. W. 345.

By section 1840, Ky. Stats., the power of the fiscal court is rather restricted. If it has allowed a claim and it is valid, that is final, but if it is invalid, its action is absolutely void, and of no more binding effect on the county than if the claim had been approved by a majority vote of the primary class in some of the county schools. See Pulaski County v. Richardson, 225 Ky. 556, 9 S. W. (2d) 523. If the fiscal court should allow a county clerk "$40.00 for a cow," that would appear to be an invalid claim, and for the circuit court to permit

the clerk to explain that the truth was that the fiscal court had directed him to have some shelving put in the vaults of his office and he had traded a cow to a man to do that work, would not authorize the circuit court to hold the claim valid for the circuit court would then be allowing a claim against the county for these vault repairs, a matter that is exclusively within the discretion of the fiscal court, and it may be that when this claim for repairing the vaults is specifically and directly presented to it, the fiscal court may know of some set-off to the claim, may be able to show it has been paid, or there is some other reason it should not be allowed in whole or in part.

Therefore when a claim has been allowed and the allowance of it is attacked, its validity must be determined as it is; it cannot be supported by evidence it was for something else. This item should have been allowed against him.

We are giving here for the benefit of the profession a list of opinions in county clerk cases which we have examined in the preparation of this opinion. Ray v. Woodruff, 168 Ky. 563, 182 S. W. 662; Logan County v. Russell, 203 Ky. 592, 262 S. W. 953; Elliott v. Com., 144 Ky. 335, 138 S. W. 300; Mills v. Lantrip, 170 Ky. 81, 185 S. W. 514; Wortham v. Grayson County Court, 76 Ky. (13 Bush) 53; Owen County v. Walker, 141 Ky. 516, 133 S. W. 236.

The judgment in favor of the county against the appellee for $50.89 is affirmed, and, in addition thereto, the court will award it a judgment against appellee for the further sum of $459.95, with interest from January 27, 1932, the date of the filing of this action.

Judgment reversed on the original and affirmed on the cross appeal.