# Veith, for Use and Benefit of Jefferson County et al. v. Tinnell et al.

December 5, 1947.

As modified January 30, 1948.

Lawrence F. Speckman, Judge.

Martin J. Duffy, Jr., and Edward Bensinger for appellant.

Samuel Steinfeld for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

Appellant, Bernard F. Veith, suing as a taxpayer

for the Use and Benefit of Jefferson County, brought this action in the Jefferson Circuit Court against John W. Tinnell, Jr., and the members of the fiscal court of Jefferson County. Special demurrers raising the question of jurisdiction of the subject matter and of the defendants were sustained. Veith declined to plead further, the petition was dismissed and he appeals.

It might be said in passing that appellees also filed motions to require appellant to elect, as well as general demurrers, but the court did not reach these pleadings and made no ruling thereon. Therefore, it is not proper that we consider or discuss them.

The petition avers that the fiscal court by a resolution passed on June 26, 1946, employed John W. Tinnell, Jr., beginning July 1, 1946, as Comptroller of Jefferson County by the month at a salary of $350. On July 10th the county attorney drew a contract to that effect, which was duly executed by the parties thereto. It is further averred there is no statutory authority for the fiscal court to employ a Comptroller and the salary of $4,200 paid to him from July 1, 1946, to June 30, 1947, was paid without warrant of law and Tinnell is indebted to the county in that sum; that demand was made upon the fiscal court and the county attorney to institute this action and they refused because they contend that the fiscal court has authority to employ a Comptroller, and an actual controversy exists between the parties to this litigation. The circuit court was asked to declare the rights of the litigants and to require Tinnell to repay the county the $4,200 he received in salary, and to enjoin the fiscal court and its individual members from carrying out its contract with Tinnell.

It is said in briefs that the theory upon which the trial court sustained the special demurrers to the petition is that the fiscal court had jurisdiction to enter into a contract with Tinnell, therefore, the remedy of Veith was to prosecute an appeal to the circuit court within 60 days, as provided in KRS 23.030; Civil Code of Practice, sec. 729; Metcalf v. Howard, 304 Ky. 498, 201 S. W. 2d 197. The further theory is advanced that as Veith is seeking to recover for the benefit of the county $4,200 from Tinnell, a declaratory action cannot be maintained, because such an action cannot be invoked

for the recovery of money. Another reason given for the trial court sustaining the special demurrers is that a court cannot be restrained.

It was written in Metcalf v. Howard, 304 Ky. 498, 201 S. W. 2d 197, that when one is personally or officially dissatisfied with an order of the fiscal court, his remedy is by appeal. Here, Veith is not suing either in an official or personal capacity, but as a taxpayer on the theory that the action of the fiscal court was void, and his remedy is not limited to an appeal from the order of the fiscal court. It is seldom that an ordinary citizen or a taxpayer knows what orders are entered by fiscal courts and should his right to attack such an order be limited to an appeal within 60 days as provided by statute, it is conceivable that a taxpayer, as a practical matter, would have no remedy against a contract made by the fiscal court unless it was void because the court was acting without its jurisdiction. As was said in Mills v. Lantrip, 170 Ky. 81, 185 S. W. 514, courts should not discourage actions on the part of citizens to compel a strict observance by public officials of their duties, but, so far as authorized by law, encourage such practice.

We are not in accord with appellees' contention that a declaratory action cannot be invoked where a monetary recovery is sought. Section 639a—1 of the Civil Code of Practice reads: "In any action in a court of record of this Commonwealth having general jurisdiction wherein it is made to appear that an actual controversy exists, the plaintiff may ask for a declaration of rights, either alone or with other relief; and the court may make a binding declaration of rights, whether or not consequential relief is or could be asked."

It is written in 16 Am. Jur. sec. 73, p. 339: "Some statutes, however, expressly provide that other relief may be granted along with a declaration of rights and duties * * *. In cases arising under such statutes, declaratory and consequential or incidental relief may be granted in the same judgment." See annotations 87 A. L. R. 1247 under the heading "Consequential or incidental relief"; 101 A. L. R. 691 under the heading "Further relief provision."

It is seen that our statute expressly authorizes con-

sequential relief in declaratory actions. In two of our recent opinions attention has been called to the fact that the modern tendency of courts is to enlarge rather than restrict the field of operations of declaratory actions where the controversy may be finally terminated. Carter v. Nance, 304 Ky. 256, 200 S. W. 2d 457; Maas v. Maas, 305 Ky. 490, 204 S. W. 2d 798.

It would seem to follow that if a party in a declaratory action may recover incidental relief by way of damages in a sum the county paid, should the contract be held void, he may likewise obtain an injunction against further expenditures under such contract. However, it is insisted by appellees that one court may not restrain another and the circuit court had no jurisdiction to grant a restraining order against the fiscal court. Here, there is no attempt to enjoin the fiscal court from exercising a judicial discretion but an injunction is sought against its members from doing the ministerial act of paying out money under what Veith avers is an illegal contract. This the circuit court has jurisdiction to do. Troutman v. Hays, 101 S. W. 976, 977, 31 Ky. Law Rep. 204; Dyche v. Gross, 283 Ky. 484, 141 S. W. 2d 877.

For the reasons stated, we think the trial judge erred in sustaining special demurrers to the petition, which is the only question before us on this appeal and is the only one we decide.

The judgment is reversed with direction that the special demurrers be overruled.