## Steinfeld et al. v. Jefferson County Fiscal Court et al.

February 17, 1948.

Lawrence F. Speckman, Judge.

Samuel Steinfeld for appellants.

Edwin H. Stierle for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This declaratory judgment proceeding was instituted by the county attorney of Jefferson County for the purpose of ascertaining whether or not the Fiscal Court of Jefferson County has the authority to make an appropriation for a landfill project. The following excerpts from the order of the Fiscal Court establishing the landfill project set forth the reasons given by the court for its action:

"Whereas the Chief of the County Police Force has reported to the Court that various citizens of the County have constantly deposited garbage, trash and debris along the county roads and in the drainage ditches which drain county roads, and that in spite of all efforts of the County Police Force to apprehend those guilty of doing so, said Chief of County Police reports it is impossible to break up this practice because there are no places available to county residents within which to deposit said garbage, trash and debris, and

"Whereas C. F. Bradbury, County Road Engineer, has reported to the Court that the depositing of said garbage, trash and debris in said ditches is interfering with the drainage of water from the county roads and is causing him to constantly clean out said drainage ditches, and is interfering with the operation of vehicles over the county roads and the maintenance of said roads; and it is further reported to the Court that after said garbage, trash and debris is removed from said drainage ditches and said roads and is placed in the county road trucks there are now no places available within which to dispose of said garbage, trash and debris."

The following quotation from the chancellor's opinion shows clearly his reasons for ruling against the county attorney:

"He is requesting a declaration of rights. Under Section KRS 67.080 the powers of the Fiscal Court are enumerated, of which Section 9 is 'Provide for the good condition of the highways of the county.' It seems to the Court that the resolution attacked is in the fulfillment of that expressed power. The phrase 'good condition' certainly should not be construed so strictly as to prevent an otherwise well constructed and main-

tained highway, insofar as paving is concerned, to be allowed to become unsightly by permitting all kinds of debris and garbage to litter its drainage ditches and even its pavement. If it is found impossible to control the deposit of debris and garbage on the county highways by other means, the Fiscal Court, in the exercise of its authority and duty 'to provide for the good condition of the highways of the County,' certainly has the power to provide a means by which such a condition, which is described to exist in the resolution, may be remedied.

"The argument advanced by the appellant, that if the proposed landfill project was to be operated solely for the benefit of Jefferson County owned institutions and agencies, then we would have a much closer question, is not sound when applied to the facts of the present case.

"Here, by providing a place where garbage and debris can be disposed of, the Fiscal Court helps the residents of the County to help themselves. That situation is not analogous to that related in the case of Jefferson County Fiscal Court v. Jefferson County, 278 Ky. 785, 129 S. W. 2d 554, 122 A. L. R. 1151. In that case it was held the Fiscal Court had implied power to provide fire protection for the County public buildings under the expressed power to repair the same; however, that power did not extend to providing protection to the private buildings of the residents of the County.

"Such is not the situation in the case at bar. Here is expressed authority to provide for the *good* condition of the *public* highways, and the Court in the resolution adopted is not providing protection for the private property of the residents of the County, but on the contrary is providing for the protection of its own *public* highways.

"Nor is the case of Jefferson County v. Jefferson County Fiscal Court, 269 Ky. 535, 108 S. W. 2d 181, in point. This is not solely a question eliminating a health menace, as it was in the above case, but a question of whether or not the Court should perform its expressed duty of keeping the county highways in good condition, as respects cleanliness, as well as paving. This Court

is of the opinion that the legislature intended that both should be provided.''

We deem the reasoning of the chancellor to be sound. Furthermore, as pointed out in Commonwealth v. Fayette County, 239 Ky. 485, 39 S. W. 2d 962, a necessarily implied authority is dependent upon the facts of the case and the language of the statute involved, and the controlling consideration is, whether the implied authority is one which has a logical and reasonable tendency toward the accomplishment of expressly conferred authority. Even if it be conceded that the Fiscal Court has no express authority to establish a landfill project, we think it would clearly have the implied authority to make provision for the disposition of rubbish and garbage found along its highways and also that which might eventually be found there.

For the reasons given we think the judgment should be and it is affirmed.