## Veith v. Tinnell et al.

April 23, 1948.

Rehearing denied June 1, 1948.

576

Martin J. Duffy, Jr., and Edw. W. Bensinger for appellant.

Samuel Steinfeld for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER
—Affirming.

The suit challenges the authority of the Fiscal Court of Jefferson County to contract with the appellee, John W. Tinnell, Jr., to perform certain duties. We reversed the first judgment which dismissed the petition on sustaining a special demurrer. Veith v. Tinnell, 306 Ky. 484, 207 S. W. 2d 325. When the case had been returned, the defendants set up facts concerning the organization of the government of Jefferson County, the large number of employees, the many and diverse items of property, and other statistics which reveal the magnitude and complexity of the affairs and business under the control and management of the Fiscal Court. They described its responsibility in appropriating and accounting for annual expenditures of approximately $3,250,000. They further alleged that in order to perform its duties properly, the Fiscal Court had concluded that, "the services of a person to act and serve said County in the capacity of Comptroller was desirable and necessary; that other units of government, including the United States, the City of Louisville, the United States Army, and various states, counties and cities employ the services of one or more persons to perform the same duties as are performed by the defendant, John W. Tinnell." The answer set forth with particularity the several services to be performed by Tinnell, as summarized below, and averred that it is impossible "to operate the government of Jefferson County in an efficient, orderly and economical manner" without having them performed.

The Circuit Court overruled the plaintiff's demurrer to that part of the answer, carried the demurrer back to the petition, and sustained it. The plaintiff

having declined to plead further, his petition was dismissed. This appeal follows.

The essential question, therefore, is one of power or authority of the Fiscal Court to enter into the contract. There is no copy of the contract in the record. But it appears in the pleadings and the opinion of the Circuit Court that its primary terms are the employment of Tinnell upon a monthly salary, and the payment of expenses incurred in the performance of his services. The following summary of Tinnell's services, as prescribed in the contract, is taken from the trial court's opinion: "1. Investigate the records of costs and operation of all of the various departments and agencies making up the government of the County. 2. During the existence of this contract he will devote his time exclusively to said work and will not engage in any other occupation. 3. That he will plan and organize a system of control by analyzing the costs of the present operation of the various departments and agencies making up the government of Jefferson County, Kentucky. 4. That he will direct and participate in field surveys relating to costs of operations of the County. 5. That he will advise the various department heads and directors on matters of cost control principles, methods and techniques of estimating costs. 6. That he will conduct analyses, investigations and research to determine the most economical methods of operating and coordinating all functions of the County government. 7. That he will make recommendations and suggestions to the Fiscal Court for improvements of detailed and over-all procedures. 8. That he will review the budgets and expenditures of all departments and agencies of the County government and submit recommendations and reports regarding same to the Fiscal Court."

Certain powers of the several fiscal courts of the state are enumerated in KRS 67.080. They are quite specific in designation, but general in description, the manner and extent of administration being left to the discretion of the body. Obviously, that is necessary. Paragraph (6) authorizes the fiscal court to "Regulate and control the fiscal affairs and property of the county." In conclusion of the enumeration, paragraph (13) empowers the fiscal court to "Exercise all the corpor-

ate powers of the county unless otherwise provided by law."

The trial court fairly and ably analyzed the record and the arguments of counsel. In the course of the opinion, he said: "Much is said in the argument about the creation of an office and that there is no authority, express or implied, in the Statutes for the appointment of a Comptroller. Careful reading of the contract does not support that argument. There is no office created. To create an office a term would be fixed but the contract fixes no term. It may be terminated on fifteen days notice to either party. The only similarity to an office is that his duties were denominated as that of a Comptroller and he was designated as a Comptroller. I am sure there could be no valid objection to the Fiscal Court employing any person to perform the services authorized by the Statutes and designate that person by some particular name, such as a carpenter or mechanic, architect, bricklayer or any other name to designate the type of service he was to perform. The fact that he was named as a Comptroller in the contract did not create the office of Comptroller in the official County government set-up, but rather designated the type of service to be rendered."

The appellant questions the reasoning and conclusions of the court, and points to KRS 68.130 and 68.140 which authorize the appointment by the Fiscal Court of a county containing a city of the first class of an auditor and assistant auditor as public officers, and defines their duties; also to KRS 68.150 which in addition authorizes the employment of independent certified public accountants to audit the accounts of all county officers. It is submitted that these and other sections of the statutes give an exclusive pattern and outline as to how the fiscal affairs of the county may be regulated, controlled and handled. If the contract of employment of Tinnell had provided for those services or for services so similar in character as to be a duplication, the force of the appellant's argument would be apparent. But the work is not of that character. The duties of the auditor prescribed by the statute are purely clerical. He examines the books and accounts made by other persons to verify or disprove their accuracy. The services of the appellee, Tinnell, under the contract are creative or recom--

mendatory in nature. His status is closer to that of an efficiency expert. Cf. Talbott v. Public Service Commission, 291 Ky. 109, 163 S. W. 2d 33, as it relates to the employment of Hugh B. Bearden as technical adviser and consultant of the Public Service Commission.

The difficulty in the case stems from the designation of "Comptroller." The use of the designation in the present contract obviously is subject to or conditioned by the specification of the services to be rendered. They are particularly described. That is the controlling point in determining its validity rather than the name by which the party to the contract may be called. It would be the same if there were no title or designation.

While the fiscal court cannot go beyond the limitation of power defined by the Legislature, such as to create an office not expressly provided, in the conduct and operation of the business of the county and the execution of granted power the scope of application of paragraph (6) of KRS 67.080 must expand or contract to meet the new and different conditions which are constantly coming within the field of its operations. As the duties and responsibilities of fiscal courts have been increased in order to meet changing conditions and modern demands upon government, the judicial construction has been consonant in respect to the application of the broadly stated power to "Regulate and control the fiscal affairs and property of the county." KRS 67.080(6). It would extend the opinion beyond due bounds to cite the cases manifesting the trend; likewise, cases of special application. Illustrative is the recent case of Steinfeld v. Jefferson County Fiscal Court, 306 Ky. 621, 208 S. W. 2d 939.

We concur in the opinion of the trial court that the Fiscal Court had power to enter into the contract with Tinnell and that it is valid.

Judgment affirmed.