## Veith v. Dunlap et al.

October 29, 1948.

Edward W. Bensinger and Martin J. Duffy, Jr. for appellant.

Samuel Steinfeld, Andrew Hyman and Thomas S. Dawson for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Affirming.

Appellant, Bernard Veith, attempted to bring this declaratory judgment action as a resident, citizen and taxpayer of Jefferson County against the members of the Fiscal Court of that county and seven certain employees for the Board of Tax Supervisors (hereinafter referred to as the Board) of the county. He questioned the authority of the Fiscal Court to employ and pay the salaries of these seven persons and asked the court to declare that body had no right under the statutes to do so, and that he should recover the salaries for the benefit of the county.

The answer of the Fiscal Court, which was adopted by the seven employee defendants, set out facts from which it was averred that it was necessary for the Fiscal Court to employ these seven persons in order that the Board might assess much omitted property, which it could not have done without such clerical help. It further averred that the Fiscal Court in administering the affairs of the county was authorized to employ the seven defendants as clerical assistance for the Board.

The chancellor overruled a general demurrer to the answer but carried it back to the petition and sustained the demurrer thereto. Veith refused to plead further and the chancellor in a judgment declared that the Fiscal Court had authority by statute to employ and pay the salaries of the seven persons to assist the Board in the performance of its duties.

Several technical questions are raised, such as: (a) Did the petition fail to aver Veith was a taxpayer and was that point raised by the special demurrer, or is it raised for the first time on this appeal? (b) Should the motion to elect have been sustained in this declaratory judgment action? (c) Was there a misjoinder of defendants? (d) Should the appeal be dismissed as to the parties against whom judgment was asked for less than $500, since the appeal was granted by the trial court? As we have concluded to consider the case on its merits and are of the opinion that the chancellor's judgment must be affirmed, we will not consider the four technical questions raised as they chiefly relate to procedure.

The attention of the Fiscal Court was called by the Board to the fact there were thousands of pieces of property which had not been listed for taxation due to the large increase in population and building of homes in Jefferson County during the war years. Thereupon, the Fiscal Court, by a resolution duly passed, authorized the employment of W. Frazer Dunlap as Chief Investigator for the County Board of Tax Supervisors at a salary of $50 per week, and the employment of the other six persons was so authorized at salaries of $150 per month. These employees were designated "Clerks for Tax Reassessment" with the exception of one, who was designated as "Clerk in the Tax Commissioner's Office." All seven of these persons were only temporarily employed and worked from near the middle of February 1947 until the following May 10th.

The position of appellant is that the Fiscal Court had no authority to employ these seven persons because the duties which they performed were required by statute to be performed by the County Court Clerk and the County Tax Commissioner. He relies upon KRS 133.125, which requires the County Court Clerk to act as Clerk of the Board of Supervisors and allows him $3 per day for his services, and 15 cents for the preparation of each schedule of omitted intangibles. Also, he relies upon KRS 133.120 which provides the County Tax Commissioner shall be paid 25 cents for each notice he sends out of an increase in assessment made by the Board. Appellant further insists that as the Fiscal Court possesses only limited jurisdiction, or power, it has no right to create an office not provided by statute or to pay for

services which the statute provides shall be performed by a public officer, citing Woodruff v. Shea, 152 Ky. 657, 153 S. W. 1005; Taylor v. Jones, 253 Ky. 285, 69 S. W. 2d 372. There is no doubt in our minds that appellant has a correct conception of the law, but the question with which we are confronted is whether this rule is applicable to the facts in the instant case. Certainly, KRS 132.120 and 133.125 do not impose upon the County Court Clerk the duties performed by these seven employees.

It seems that this controversy arose by virtue of the fact that the resolution of the Fiscal Court authorizing the employment of these seven persons as clerical help to the Board gave them titles such as, "Chief Investigator," "Clerk for the Board of Tax Supervisors" and "Clerk in the Tax Commissioner's Office." Had the resolution merely designated that the Board might have the clerical help or assistance necessary to enable it to list the thousands of pieces of property which the Tax Commissioner had omitted, it is hardly probable that a charge would have been made that the Fiscal Court was creating offices not provided by statute or was paying salaries for services which the statute imposed upon the County Court Clerk. However, the title or designation given the employees is not controlling in determining whether or not the Fiscal Court is creating an office not provided by statute, but the important thing is the nature of the services such employees perform. Veith v. Tinnell, 307 Ky. 575, 210 S. W. 2d 930.

It is provided in KRS 132.605 that the Fiscal Court of each county has authority to purchase and supply the County Tax Commissioner with maps, lists, charts, materials, supplies, equipment or instruments which are reasonably necessary for a complete and accurate assessment of property in the county. The second paragraph of the answer avers that immediately upon the convening of the Board, that body reported to the Fiscal Court that thousands of pieces of property were omitted from the assessment by the County Tax Commissioner and that it was necessary for the Fiscal Court to furnish the Board with maps, charts, lists, etc., giving them sufficient information to determine which residents of the county had failed to list their property. That following this report by the Board, the Fiscal Court

authorized the employment of these seven persons as clerks and investigators to compile the material and furnish the information, maps, etc., which enabled the Board to list the omitted property; and it would have been impossible for the Board to have done so without the assistance of this extra clerical help furnished by the Fiscal Court. The answer further avers that the compensation paid was reasonable and commensurate for the services performed and that the material thus compiled was beneficial to Jefferson County and has since been used by its County Tax Commissioner in making assessments.

These averments in the answer clearly bring this case under the provisions of KRS 132.605, which section authorized the employment of these seven persons and sustains the chancellor's judgment in holding that the Fiscal Court had the right to employ and pay them. In addition to relying upon this section of the statutes, appellees urge that the Board is a semi-judicial body, since it has authority to raise or lower the assessed value of property, therefore it has the same inherent power as a regular constituted court to employ the necessary assistance to enable it to perform its duty, citing Jefferson County v. Jefferson County Fiscal Court, 301 Ky. 405, 192 S. W. 2d 185; Kentucky Heating Co. v. City of Louisville, 174 Ky. 142, 192 S. W. 4; 14 Am. Jur. 261, sec. 22; that a basic conception of good government is to permit an agency charged with certain duties to incur such expenses as are necessary to accomplish the purpose for which it was established, citing City of Bardstown v. Nelson County, 78 S. W. 169, 25 Ken. Law Rep. 1478. While these authorities appear to authorize the Board to employ these seven persons to render the necessary clerical aid to the board so that it might perform its duties, that question is not before us, as the Fiscal Court did the employing in this instance and certainly it was authorized to do so under KRS 132.605.

Appellants rely upon Jefferson County v. Young, 120 Ky. 456, 86 S. W. 985, which held that the Fiscal Court had no authority to appropriate $2000 to purchase land plats to aid the County Tax Assessor in assessing property. That case was decided in 1905 and it is obvious that KRS 132.605 authorizing the Fiscal Court to

make such an appropriation supersedes the Young opinion on this point, as the statute was enacted in 1942.

As the chancellor's views expressed in his well-considered opinion coincide with those of this court, his judgment is affirmed.