## SCOTT et al. v. SLATER.

Court of Appeals of Kentucky.
Dec. 5, 1952.

Edward L. Allen, Prestonsburg, for appellants.

Joe Hobson, Prestonsburg, for appellee.

DUNCAN, Justice.

This appeal presents the question of the ownership of certain coal mining equipment attached by appellee, Ike Slater, as the property of Dan Jacobs. The appellants, Russell Jacobs, Ernest Jacobs, and Hawley Scott, intervened, claiming title to the attached property and seeking to have the attachment discharged. From an order dismissing the intervening petitions, this appeal is prosecuted.

Sometime prior to the present difficulty, the appellee, Slater, and Dan Jacobs entered into a partnership agreement for the operation of a small coal mine. Under the agreement, each of the partners furnished certain mining equipment which was to remain the individual property of each partner. The property involved on this appeal was furnished by Dan Jacobs, pursuant to the partnership agreement. The venture was financially unsuccessful and was finally terminated, with the partnership indebted to various individuals. Slater filed suit, seeking a settlement of the partnership accounts, and obtained a general order of attachment against the mining equipment of Dan Jacobs to secure appellee against any loss by reason of his joint liability for the partnership indebtedness.

Appellants Russell Jacobs and Ernest Jacobs are sons of Dan Jacobs. Hawley Scott is no relation, but claims that a part of the attached property was transferred to him by Russell Jacobs in payment of an individual indebtedness of his father. The sons, by their intervening petition, claim that they are the owners of the attached

property and that it was purchased by them originally for use in a mine operated by them and their father. It is claimed that the equipment was merely loaned to the father to enable him to engage in the partnership with Slater. Only one of the sons testified in support of their claim, the other son being absent in the Army.

█ Upon hearing the evidence, the lower court dismissed the intervening petitions upon the ground that appellants were estopped by their conduct to claim the property. The evidence fully supports the view of the Chancellor insofar as one of the sons is concerned, but no conduct is shown on behalf of the son who is in the Army, which could be made the basis of an estoppel against him. However, we agree with the results reached by the lower court, because in our opinion the evidence is not sufficient to overcome the presumption that the property belonged to Dan Jacobs. It is admitted that the property was in possession of Dan Jacobs at the time of the attachment and had remained in his possession continuously for some period prior to the filing of the suit. This fact creates a rebuttable presumption of his ownership. 20 Am.Jur. p. 233, Sec. 237.

█ The only material evidence in support of the ownership of the sons was the testimony of Russell Jacobs. Dan Jacobs did not testify, and none of the persons was produced from whom the property was claimed to have been purchased. The unexplained failure of appellants to introduce Dan Jacobs and the original sellers of the attached property compels us by a familiar rule of law to presume that such testimony would have been unfavorable and would not have supported appellants' position. Taylor v. Jones, 253 Ky. 285, 69 S.W.2d 372; Huber & Huber Motor Express v. Martin's Adm'r, 265 Ky. 228, 96 S.W.2d 595. As further refuting the testimony of Russell Jacobs, two employees of the partnership testified that they had heard Dan Jacobs claim ownership of the property, and Russell Jacobs, although present, made no pretense or claim of ownership.

█ In examining all of the facts and circumstances disclosed by the record, we conclude that Dan Jacobs at the time of the attachment was the owner of the attached property. This conclusion disposes of the claim of Scott, since he claims to have acquired the property set out in his intervening petition through a transaction with Russell Jacobs.

The judgment is affirmed.