### ADER v. HOWARD.

Court of Appeals of Kentucky.

Nov. 6, 1953.

As Modified on Denial of Rehearing Jan. 15, 1954.

Ray O. Shehan, Harlan, for appellant.

Cleon K. Calvert, Pineville, for appellee.

CULLEN, Commissioner.

In an action brought by a citizen and taxpayer, judgment was entered against Mrs. Ruby Ader, county court clerk of Harlan County, in the amount of $2,500, representing money illegally paid to the county court clerk by the fiscal court. Mrs. Ader appeals, and the plaintiff cross-appeals. Mrs. Ader contends that she repaid the money, while the plaintiff contends that she not only did not repay this money, but owes additional sums as well.

On June 21, 1946 the fiscal court of Harlan County turned over to Mrs. Ader, who then was and still is county court clerk of the county, the sum of $2,500 for the purpose of enabling her to employ additional help to assist in recording and making certified copies of war veterans' discharge papers. The payment clearly was illegal, because the fiscal court had no right to pay for services which the statute, KRS 422.090, required the county clerk to perform without charge. Veitch v. Dunlap, 308 Ky. 386, 214 S.W.2d 608; Taylor, for Use and Benefit of Laurel County v. Jones, 253 Ky. 285, 69 S.W.2d 372; Mills v. Lantrip, 170 Ky. 81, 185 S.W. 514. Mrs. Ader maintains that she in effect repaid the money because for the years 1946 and 1947 she turned back to the county $2,828.70 in excess fees, above the amount required to pay the expenses of her office and the maximum personal compensation she was authorized to retain under the Constitution (which at that time was $5,000 per annum, Const. 246). She contends that if she had not received the $2,500 from the fiscal court, she could have used $2,500 out of the fees of her office to pay for the additional help, which would have resulted in an excess of only $328.70 to be returned to the county for the years 1946 and 1947.

The evidence that Mrs. Ader had an excess of fees for the years 1946 and 1947, and paid the amount of the excess to the county, is not very satisfactory from any standpoint, and we think it is wholly unsatisfactory to support the argument advanced by Mrs. Ader.

■ As we view the question, it was incumbent upon Mrs. Ader to prove that she had an excess of fees in the amount of at least $2,500 for the *calendar year 1946,* and that she paid this amount to the county. Under Section 246 of the Constitution, as it then provided, Mrs. Ader was limited in her personal compensation to the sum of $5,000 per annum. Since her term of office was based on calendar years, this meant $5,000 per calendar year. Each year must be treated as a separate unit in computing her compensation, and if she fell short of her constitutional maximum compensation in one calendar year she could not make up the deficit out of another year of her term. Gilliam v. Greene, 185 Ky. 238, 214 S.W. 889; Holland v. Fayette Co., 240 Ky. 37, 41 S.W.2d 651.

There was absolutely no proof by Mrs. Ader as to the receipts and expenses of her office for the calendar year 1946, which was the year in which she received the $2,500 from the county. It will be obvious that if, for the calendar year 1946, Mrs. Ader did not have an excess of income over the amount of her office expenses and the Constitutional limit of $5,000 on her personal compensation, the effect would be that she used the money paid to her by the fiscal court to apply on her personal compensation, which she clearly was not entitled to do. The fact that she had an excess in later years, which she turned back to the county, would make no difference, because she could not use an excess in later years to make up the deficit for 1946.

There was some evidence that an audit made by the State Auditor, for the *fiscal year ending June 30, 1946,* showed an excess of fees for that period in the amount of $628.70, and that Mrs. Ader gave to the county treasurer a check for that amount. In 1951 Mrs. Ader paid to the county the sum of $12,590.34, which at that time, and throughout most of the trial of the case now before us, she maintained represented excess fees for the years 1948, 1949 and 1950. However, late in the trial she took the position that this sum included $2,200 in excess fees for the year 1947. It is impossible to discern from her testimony whether she was referring to the calendar year 1947 or the fiscal year which ended June 30, 1947.

■ The fact that Mrs. Ader had an excess of fees for the *fiscal year* ending June 30, 1946 does not establish that she had an excess for the calendar year 1946, which, as we previously have indicated, it was necessary for her to show. The fact that she may have had an excess for the *fiscal year* ending June 30, 1947 likewise would be no proof that she had an excess for the calendar year 1946. The fact that she may have had an excess for the calendar year 1947 would be of no avail to her.

Since Mrs. Ader admitted the illegal receipt of $2,500 of county money, it was incumbent upon her to establish by satisfactory proof that she paid the money back. The only way in which she could show repayment by way of turning back excess fees was by proof that she turned back excess fees for the calendar year 1946. This she completely failed to do.

The contention of the appellee, on cross-appeal, is that according to Mrs. Ader's own testimony, she owes $2,828.70 in excess fees for 1946 and 1947; there is no satisfactory proof that she paid that sum to the county; and therefore judgment should have been entered against her for that sum in addition to the $2,500 she received from the fiscal court. This contention is without merit for numerous reasons, one of which is that the pleadings would not authorize such a judgment.

The judgment is affirmed, both upon the appeal and upon the cross-appeal.