## Murphy, et al. v. Lowe, et al.

(Decided November 24, 1914.)

### Appeal from Pike Circuit Court.

1. New Trial—Fraud—Evidence.—In an action to vacate a judgment and secure a new trial on the ground that defendant knowingly misrepresented to a surveyor the beginning corner of a survey involved in the action, evidence examined, and held insufficient to establish the charge of fraud.

2. New Trial—Newly Discovered Evidence.—A new trial on the ground of newly discovered evidence will not be granted unless the evidence be of such a decisive character as to render a different result reasonably certain.

3. New Trial—Newly Discovered Evidence.—In an action to secure a new trial on the ground of newly discovered evidence, held, that the evidence was not such that if brought to the attention of another jury, it would have such a preponderating effect as to render a different result reasonably certain.

HOBSON & HOBSON, M. C. KIRK and JAMES GOBLE for appellants.

ROSOCE VANOVER and GEORGE B. MARTIN for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In the month of August, 1861, the Commonwealth of Kentucky issued to John B. Goff a patent for 1,000 acres

of land in Pike county, Kentucky. Alleging ownership of the land by virtue of the foregoing patent, Ira W. Goff and others, heirs of John B. Goff, the patentee, brought an action against O. B. M. Lowe and others in the Pike Circuit Court to quiet their title to a tract of land covered by the patent and lying on Swinge Camp Branch. The defendants other than O. B. M. Lowe filed an answer disclaiming any title to the land. O. B. M. Lowe filed an answer and counter-claim denying plaintiff's title and pleading title in himself by virtue of certain grants inferior to that of plaintiffs', and also by adverse possession. By another paragraph he alleged that plaintiffs' patent was void for uncertainty. A demurrer being filed to the answer, it was carried back to the petition and sustained, and judgment entered dismissing the petition. On appeal to this court, it was held that plaintiffs' patent was valid, and that the trial court erred in dismissing their petition. Goff, &c., v. Lowe, &c., 25 Ky. L. R., 2176, 80 S. W., 219.

On a return of the case, it was tried by a jury on an issue out of chancery. During the progress of the trial, which began at the February term, 1907, defendant Lowe amended his answer, abandoning his claim under the six inferior patents, and claiming adverse possession to a well-marked boundary.

It appears that defendant was the owner of a patent for 50 acres of land issued to William Prewitt in the year 1834. One of the questions involved was whether defendant's improvements were on the Prewitt survey or on the Goff land. This question depended upon the proper location of the Prewitt survey. The Prewitt survey, as located by the surveyor appointed by the court, did not include the improvements. Other questions involved were: (1) Did defendant hold the land in controversy adversely for 15 years to a well-marked boundary? (2) Did plaintiffs, within that time, enter on their patented boundary so as to confine defendant to his close? These questions were submitted to the jury. The jury returned a verdict for defendant. Judgment was entered accordingly, and plaintiffs again appealed. The judgment was reversed for errors in the instructions. Goff v. Lowe, 32 Ky. L. R., 1098, 107 S. W., 798.

On a return of the case, it was again tried before a jury during the month of April, 1909. The trial resulted in another verdict and judgment for the defendant. On

appeal by the plaintiffs, the judgment was affirmed. Goff v. Lowe, 141 Ky., 799, 103 S. W., 995.

On May 5, 1911, F. W. Murphy, Dixie Murphy, Grover Murphy, Sarah E. Young, and T. N. Goff, who had purchased the interests of the other heirs of J. B. Goff in the land in controversy, brought this action against O. B. M. Lowe and others pursuant to Sections 518 and 340, Civil Code, to vacate the judgment of April 23, 1909, and grant them a new trial. During the progress of the action, O. B. M. Lowe died, and the action was revived against his heirs. The petition is in two paragraphs. In the first paragraph it is charged, in substance, that the judgment was obtained by fraud in that O. B. M. Lowe fraudulently pointed out to the surveyor an incorrect location of the beginning corner of the William Prewitt survey, thereby resulting in a report by the surveyor that the house and improvements of the defendant were on the land in controversy, when in fact they were on the Prewitt patent. In the second paragraph it is pleaded that they had discovered new and material evidence which they could not, by the greatest diligence, obtain in time to use it on the last trial, showing that defendant, O. B. M. Lowe, had recognized and admitted that the land in controversy belonged to John B. Goff. By an amended petition, filed December 29, 1913, they alleged the discovery of new and material evidence which could not have been discovered by reasonable diligence, showing conclusively that O. B. M. Lowe never had a marked boundary around the land in controversy, and that, pursuant to the advice of some of his friends, he falsely and fraudulently claimed it because they persuaded him to believe that such would be a safer defense than to rely on his junior patent.

In brief, the evidence on these issues is as follows:

F. W. Murphy, who claims that the whole conduct of the suit was entrusted to him by the others interested, and the surveyor who originally located the Prewitt survey, testified that the original corners of the Prewitt survey were in cleared land, and could not be definitely ascertained. They had made inquiries of people likely to know, but could get no information on the subject. Finally, they were compelled to consult O. B. M. Lowe, as he alone knew the proper location of the survey. Lowe placed the beginning corner at a particular point. The survey was made from that point as the beginning corner. That was not the beginning corner. The effect

of the improper location of the survey was to place those improvements outside the survey and on the Goff land. Murphy did not know of the improper location of the survey until after the last trial. Since that time a new survey of the Prewitt patent had been made. This was the proper location of the patent, and as thus located, it included the improvements of Lowe. As located by these surveyors, the beginning corner was a place which one of the witnesses says was pointed out to him by Lowe after the trial as being the beginning corner. The evidence, however, as to why the survey was so located shows that the new location was the result more of an experiment than of necessity, called for by fixed corners.

On the question of fraud in having and claiming a marked boundary, the evidence, in brief, is as follows:

Certain neighbors and friends of Lowe by the name of Marcum also had a suit with Goff. They won on a plea of adverse possession to a well-marked boundary. After the suit was originally brought, they inquired of Lowe what was his defense. He told them he relied on his patents. They told him that his patents were inferior, and that defense would not do, and that he had better rely on a marked boundary. Lowe told them that he did not have a marked boundary, but, if necessary to win the case, he could claim a marked boundary along the patent line.

On final hearing a new trial was denied, and plaintiffs appeal.

To establish fraud on the part of Lowe in the location of the Prewitt patent, it was necessary to show that he intentionally deceived the surveyor as to its location. It was, therefore, necessary for plaintiffs to prove that the corner which Lowe pointed out was not in fact a corner of the survey, and that Lowe knew this to be so. Stump, the surveyor, says that Mr. Lowe showed him a certain corner at the lower end of the survey, and he took that for the starting point. At the same time he admits that Lowe told him that he thought the survey was wrong because he was always of the opinion that his house was on the inside of the survey. Murphy also states that when he went to Lowe to get information as to the location of the survey, Lowe claimed that his improvements were on the old patented land; that is, on the Prewitt survey. This information which Lowe gave to the surveyor and Murphy is altogether inconsistent with the theory that he fraudulently pointed out a cor-

ner of the survey for the purpose of showing that his improvements were not on the survey. Furthermore, the new location of the survey showing that it includes the improvements of Lowe is by no means definitely established. The corners are gone, and the survey is located to fit other surveys for which it does not call. The location of some of the other surveys appears to be changed. Those who made the survey gave it as their opinion that the new survey was properly located. It may be that their opinion is correct, but the reasons which they give for their opinions show very plainly that, in the absence of established corners, the proper location is necessarily somewhat speculative. We, therefore, conclude that the evidence is not sufficiently clear and convincing to show that these improvements are, as a matter of fact, within the Prewitt survey. Certainly, the location of the survey is not sufficiently definite to justify the inference that Lowe intentionally deceived the surveyor by knowingly misrepresenting to him the beginning corner of the survey. We, therefore, conclude that the charge of fraud in misleading the surveyor as to the proper location of the Prewitt survey is not made out.

But it is insisted that the newly discovered evidence to the effect that Lowe admitted that he had no marked boundary, but claimed one merely for the purpose of defeating the suit, is sufficient to authorize a new trial. It is the established rule in this State that a new trial on the ground of newly discovered evidence will not be granted unless the evidence be of such a decisive character as to render a different result reasonably certain. Hays v. Davis, 20 Ky. L. R., 342; C. & O. Ry. Co. v. Freil, 19 Ky. L. R., 152; South Covington, &c., R. Co. v. Lee, 153 Ky., 621, 156 S. W., 99; Weeks, &c., v. McDowell Construction Co., &c., 153 Ky., 691, 156 S. W., 127. Here the newly discovered evidence relates to admissions by Lowe. On former trials other admissions with respect to Goff's ownership of the land in controversy were shown, yet, notwithstanding these admissions, two juries found in his favor. On the question of marked boundary, not only Lowe, but several other witnesses, testified on former trials. In view of this fact, and of the further fact that two juries disregarded the former admissions of Lowe, and found in his favor, we are not disposed to hold that if the admissions of Lowe now relied on as a ground for new trial were brought to the attention of another jury

they would have such a preponderating effect as to render a different result reasonably certain.

It follows that a new trial was properly refused.

Judgment affirmed.