## E. F. Prichard Co., Inc., v. Heidelberg Brewing Co.

April 23, 1948.

As Extended on Denial of Rehearing June 22, 1948.

A. E. Funk, Jr., R. W. Keenon and Marion W. Moore for appellant.

Stanley Chrisman and Sawyer A. Smith for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Reversing.

Under Section 639a—1 to a—12, inclusive, Civil Code of Practice, appellee brought this action against appellant for a declaration of the rights of the respective parties under a contract entered into by them on the tenth day of September, 1942. The contract, in so far as pertinent to the questions involved in this action, provides that appellee shall brew and complete for the market "an ale or malt beverage according to the formula under which the party of the second part (Heidelberg Company) has in the past and is now brewing, manufacturing, and preparing for the market for the party of the first part (Prichard Company)." The Prichard Company agreed to pay "the same price for cases of pints, quarts, and half-gallons as the party of the first part is now and has been paying for same during the previous months of the year 1942. * * * Prices shall be subject to change on January 1 and July 1 of each year hereafter throughout the life of this contract"— revision: "to be based upon the prevailing prices of ingredients, labor, and other costs of said product as compared with the prevailing prices of ingredients, labor, and other costs of said product as of September 1, 1942." The contract was effective until December 31, 1947, with option on the part of the Prichard Company to renew for five years. By agreement of the parties, the contract price was increased fifty cents per barrel ($13\frac{1}{2}$) cases. Thereafter appellee gave notice to appellant of its intention to increase the price of the beer and ale in the amount of $1.27 per barrel, effective July 1, 1946. Upon receipt of this notice, appellant requested an itemized cost analysis of the ingredients used in the manufacture of its products, and a verification of the ingredients called for by a formula delivered to appellee in June, 1940. Appellee refused to comply with this request; whereupon appellant protested the increase, which gave rise to this controversy.

We are asked to determine (1) whether the Prichard Company has a formula by which it can require its product to be brewed by the Heidelberg Company; (2) whether the Heidelberg Company has the right to increase the price of its commodity without first furnishing to the Prichard Company records showing an in-

crease in the cost of the ingredients used in the manufacture of appellant's brew and the other items set forth in the contract; and (3) whether the Prichard Company has the right to demand of the Heidelberg Company proof that the alleged formula is being complied with. The first question depends entirely upon a determination of the facts presented by the evidence; the second and third questions must be determined as matters of law.

E. F. Prichard, President of appellant, testified that in June, 1940, he presented to George H. Meyerratken, President of the Heidelberg Company, a formula which the latter agreed to follow in the manufacture of the product to be sold to appellant. Appellant introduced appellee's former brewmaster, who corroborated this testimony and introduced the formula in evidence. The formula reads as follows:

| | | |
|---|---|---|
| 5400 | lbs. | of Malt |
| 80 | lbs. | of Domestic Hops |
| 10 | lbs. | of Imported Hops |
| 339 | lbs. | of Nudex |
| 397 | lbs. | of #12 Material |
| 400 | lbs. | of Corn Sugar |
| 500 | lbs. | of Cane Sugar |
| 15 | lbs. | of Material #1 |
| 1¼ | lbs. | of Material #2 |
| 20 | lbs. | of Material #4 |
| 20 | lbs. | of Material #5 |
| 1 | lb. | of Material #34 |
| 10 | lbs. | of Salt |
| 100 | bbl. | beer in cellar |

Appellee introduced its present brewmaster, who stated that he had no knowledge of a special formula by which the Prichard Company's brew was to be manufactured, and that it was not separated in the process of brewing from the common run of brew manufactured by the Heidelberg Company. He additionally stated that he followed no fixed formula for the manufacture of the Company's product, but used whatever ingredients were available at the time. This testimony is contradicted by evidence introduced by appellee itself that in October, 1942, approximately thirty days after entering into the contract with appellant, it followed the

following formula in manufacturing the Prichard Company's brew:

6400 lbs. of Malt
650 lbs. of Invertose
200 lbs. of Protose
500 lbs. of Corn Sugar
875 lbs. of Malto-Dextrine
1700 lbs. of Refined Grits
115 lbs. of Hops
175 bbl. in cellar

Mr. Meyerratken testified that the Prichard Company had no special formula for the brew manufactured for it. However, his testimony can be given little, if any, weight, because he signed an affidavit in February, 1941, and testified in June, 1941, in a suit then pending in the Federal Court, that the Prichard Company did have a formula and that the brew sold to the Prichard Company was manufactured by the Heidelberg Company in accordance with such formula. Additionally, the contract itself recognized the existence of a special formula for the brew manufactured for the Prichard Company. But had no proof been offered in respect to the existence of the formula of the Prichard Company, appellee's contention could not be sustained, because the precise question was decided in Heidelberg Brewing Co. v. E. F. Prichard Co., Inc., etc., 297 Ky. 788, 180 S. W. 2d 849, 850, wherein the Court said:

"For more than two years preceding the execution of the written contract (which now is before us for construction), the parties had operated under parol agreements by which the Brewing Company undertook to supply the Prichard Company with an ale or malt beverage brewed according to the latter's formula, and bottled under its brands."

Thus the doctrine of res adjudicata applies, and that question now can not be relitigated.

There was no evidence that at any time after the contract was executed the Heidelberg Company did not have sufficient ingredients on hand to fulfill the contract under discussion, although the evidence does show that by fulfilling the contract the Heidelberg Company would

be required either to curtail its production of beer, or change its formula for the remainder of its output, either of which probably would result in a reduction of its profits. But the Court will not shave a contract to fit the pocketbook of one of the parties; and the mere fact that compliance with the contract will work to the detriment of one party does not affect the binding character of the agreement. Since the Heidelberg Company contracted with the Prichard Company to produce a certain product, it is bound to do so, irrespective of the fact that such may work a hardship. There was no evidence introduced to show that the Prichard Company's brew was manufactured in accordance with any formula other than the first herein recited previous to the execution of the contract we are called upon to construe. In view of the fact that the present brewmaster was not the brewmaster of the Heidelberg Company when the contract was entered into, and in view of the contradictory statements of the President of the Heidelberg Company, we think the evidence clearly shows that appellee not only contracted to manufacture appellant's brew in accordance with the formula first set forth herein, but that within a month thereafter it violated its contract in that respect. Without conceding that the Prichard Company has a formula, appellee admits that, from October 13, 1942, to and including July 1, 1946, in brewing the Prichard Company's beer, it did not follow the formula appellant contends was the one contracted for. It likewise admits that the balling (specific gravity) of the brew was decreased from 15 to 11, and that it used twenty per centum less ingredients (except water) than it had used previous to the execution of the contract. It likewise admitted that the alcoholic content of ale furnished the Prichard Company has been reduced from 5.2 per centum to 4.0 per centum by weight since the execution of the contract. In its entire business appellee has increased its production 20,-000 barrels per year by using 73,630 pounds less ingredients (except water), and its profits have increased over fifty per centum.

Therefore, our answer to the first question is: The Prichard Company has a formula, which was presented to and accepted by the Heidelberg Company in June, 1940, and is in words and figures as follows, to-wit:

5400 lbs. of Malt
  80 lbs. of Domestic Hops
  10 lbs. of Imported Hops
 339 lbs. of Nudex
 397 lbs. of #12 Material
 400 lbs. of Corn Sugar
 500 lbs. of Cane Sugar
  15 lbs. of Material #1
 1¼ lbs. of Material #2
  20 lbs. of Material #4
  20 lbs. of Material #5
   1 lb. of Material #34
  10 lbs. of Salt
─────────────────────────
 100 bbl. beer in cellar

It follows that, until the brew furnished appellant by appellee complies with the formula agreed upon, appellee does not have the right to increase the price of the product; and appellant has the right to demand proof that the formula is being complied with before being required to submit to an increase in price.

The judgment is reversed, with directions that it be set aside and that another be entered in accordance with the views herein expressed.