## Heidelberg Brewing Co. v. E. F. Prichard Co., Inc. (two cases).

March 25, 1949.

Sawyer A. Smith and Stanley Chrisman for appellant.

R. W. Keenon and A. E. Funk, Jr., and Marion W. Moore for appellee.

848

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

We have before us two appeals, consolidated by agreement, to be here considered together. One appeal is from an order overruling appellant's motion and ground for new trial following judgment in accordance with the mandate in the case of E. F. Prichard Co., Inc., v. Heidelberg Brewing Company, 307 Ky. 833, 212 S.W. 2d 293. The other is from a judgment pursuant to an order sustaining a general demurrer to appellant's petition in a separate action brought under Sections 518 and 340 of the Civil Code of Practice, wherein appellant sought to have the judgments of the court vacated and set aside in so far as they declare a formula existed, and to have deleted from the opinions in the case above cited and in the case of Heidelberg Brewing Company v. E. F. Prichard Company, Inc., 297 Ky. 788, 180 S.W.2d 849, certain language referring to the formula.

The position of appellant in urging as one of the grounds for reversal herein is set forth in the petition: "that the defendant and its attorneys stated and made it appear to the court that the question whether defendant had a formula was an issue tried and adjudicated by the trial court, and was an issue under the pleadings and the evidence, whereas, in truth and in fact, said question was not an issue and was not tried and determined and was not adjudicated by the trial court, as the defendant and its attorneys then and there well knew; * * *" It is manifest that this could not possibly constitute such allegation of fraud as is required to grant a new trial under Sections 340 and 518 of the Civil Code of Practice. Appellee had a perfect right to urge its contentions in brief. The latter is but an aid to the court in ascertaining the true facts from the record. Suffice it to say the points raised here by appellant were given careful attention and thorough consideration upon the former appeals, and a re-examination thereof was properly the subject of a petition for rehearing.

As evidence of fraud and newly discovered evidence, appellant directs us to the testimony of E. F. Prichard in the last case between these parties, wherein Prichard testified that the formula in question was made for him by Siebel. To show that this testimony was a

fraudulent misrepresentation, appellant introduced the affidavit of Peter J. F. Weber, Managing Director of E. A. Siebel & Company, Chicago, Illinois, which states in effect that the formula, although made by his company, was not made for E. F. Prichard, Inc., nor for Heidelberg Brewing Company, and, if followed, an acceptable product could not be brewed without proper treatment as directed by E. A. Siebel & Company. It seems to us immaterial from what source the formula was derived. It was enough for the purposes of our decision that E. F. Prichard claimed the formula to be the one meant by the parties in their contract. Taken as true, this allegation and proof is unquestionably not of the character that would have rendered a different decision necessary on the former trial, and hence fails to meet the test for fraud or newly discovered evidence required to grant a new trial. Ashley v. Harris, 240 Ky. 815, 43 S.W.2d 58; Murphy v. Lowe, 161 Ky. 243, 170 S.W. 613.

It is not necessary to decide whether or not appellant was diligent in obtaining the evidence at the trial, nor is it material that the formula adopted by this court was contained in a purported affidavit unsigned and unnotarized. It is enough that the formula was introduced as such and claimed by appellee. Nor can affidavits of the President and of the brewmaster of Heidelberg, to the effect that no beer was brewed by that Company according to such formula on the date of the contract, or prior thereto, avail appellant since this point has heretofore been decided against it.

Appellant alleged, in an amendment to its petition to vacate, that E. F. Prichard, President of appellee, following the judgment of this court, refused to accept beer or ale brewed according to the judgment formula and submitted a temporary formula, according to which he insisted that it be manufactured, thereby voiding the contract. Appellant introduced the affidavit of its present brewmaster in support of this allegation.

We are importuned to hold that the above is an admission on the part of appellee that the adjudged formula was in fact not the one meant by the parties, and that this is such evidence of fraud and newly discovered evidence as to warrant a new trial. If appellee has wrongfully breached its contract the remedy of appel-

lant is by a suit for such breach. The judgment of this court with respect to the formula is binding upon both parties.

In conclusion it may be said that ample opportunity to litigate the issues between these parties has been granted.

The judgment in each case is affirmed.