234 S.W.2d 486 (1950)
E. F. PRICHARD CO., Inc.
v.
HEIDELBERG BREWING CO., Inc.
Court of Appeals of Kentucky.
November 21, 1950.
A. E. Funk, Jr., Middlesboro, Marion W. Moore, Covington, R. W. Keenon, Lexington, for appellant.
Sawyer A. Smith, Stanley Chrisman, Covington, for appellee.
VAN SANT, Commissioner.
For convenience we will refer to appellant as Prichard and appellee as Heidelberg. In three previous appeals we have decided issues in respect to their controversies. Heidelberg Brewing Co. v. E. F. Prichard Co., Inc. (E. F. Prichard Co., Inc. v. Heidelberg Brewing Co.), 297 Ky. 788, 180 S.W.2d 849; E. F. Prichard Co., Inc. v. Heidelberg Brewing Co., 307 Ky. 833, 212 S.W.2d 293; Heidelberg Brewing Co. v. E. F. Prichard Co., Inc. (two cases), 309 Ky. 847, 219 S.W.2d 55. The second appeal above cited was the first appeal in this action and in which, declaring the rights of the parties, we upheld *487 Prichard's contentions and reversed the judgment of the lower court. In all three appeals, we held, contrary to Heidelberg's contention, that Prichard was the owner of a formula for batching and brewing ale and beer; and in the former appeal in this action we held that the contract between the parties, which was before us for consideration, required Heidelberg to furnish beer and ale to Prichard in accordance with that formula, and that Heidelberg was not entitled to increase the original price fixed by the contract because it had failed to follow Prichard's formula in brewing the beer.
This action was brought, as we have indicated, under the Declaratory Judgment Act, and was commenced in July, 1946, following Heidelberg's demand of Prichard to pay a price increase. The decision in the first appeal was rendered June 22, 1948. During that two year period Prichard was unable to obtain beer elsewhere under its own label; consequently, it was compelled to accept the Heidelberg beer or to discontinue supplying beer and ale to its customers under its own label. Heidelberg refusing to deliver at the old price and Prichard being unwilling to pay the increase until its rights under the contract had been adjudicated, it was agreed that Heidelberg would continue to supply the beer and Prichard would pay for it on each delivery with two checks, one of which was issued without protest in an amount arrived at by a calculation at the original price; the second issued and marked "paid under protest" for the amount of the increase in price. A second demanded increase was paid under protest by, and so marked on, a third check issued on each delivery.
On filing the mandate issued pursuant to the opinion in the former appeal, Prichard made demand of Heidelberg for refund of all sums paid under protest, which the parties have stipulated amount to the aggregate sum of $67,139.31. Upon Heidelberg's failure to comply with this demand, Prichard filed motion for judgment in the stipulated amount, which it conceived it had the right to do under that part of the Declaratory Judgment Act, Section 639a-4, Civil Code of Practice, which grants a party to a Declaratory Judgment the right to obtain further relief based on the judgment. In overruling the motion and denying judgment in any amount, the Chancellor in a written opinion said: "The court is of the opinion that the defendant (Prichard) has failed to show that it has in any way been damaged, or sustained a loss of any kind, and waived its right to recover by accepting the beer knowing it was not brewed according to defendant's formula." In addition to the reasons assigned by the Chancellor, Heidelberg urges affirmance on the ground that the Chancellor did not have jurisdiction to render a money judgment in the declaratory judgment action; and since the filing of the mandate following the decision in the first appeal, Prichard has breached the contract and by reason thereof is estopped to recover under the contract.
Prichard complains of the Chancellor's decision contending: (1) that the decision on the former appeal was conclusive of the rights of the parties under Heidelberg's plea of waiver, or if wrong in this contention, it did not waive its right to recover by accepting the beer and ale during the pendency of the litigation of the rights of the parties; (2) it did not breach its contract, nor did it do or fail to do anything which would effect an estoppel in favor of Heidelberg; and (3) it was not necessary for Prichard to show damages in order to recover its own money which was illegally obtained by Heidelberg.
The question raised under the plea of waiver was presented in the petition for rehearing in the former appeal and was decided adversely to Heidelberg's contention, although the opinion was not extended to recite that fact. Even if it had not been presented at that time, it should have been, since it could be considered only as it might have affected the rights of the parties under the contract. The doctrine of res adjudicata prevents the relitigation of the same issues in a *488 subsequent appeal and includes every matter belonging to the subject of the litigation which could have been, as well as those which were, introduced in support of the contention of the parties on the first appeal. Noel v. Noel, 307 Ky. 132, 210 S. W.2d 142. The other reason assigned by the Chancellor for denying recovery; to-wit, Prichard failed to show that he has sustained a loss entitling him to damages, cannot be upheld. The basis for the Chancellor's conclusion is that Prichard admitted that after paying the increased price he in turn increased the price to his customers and thus did not suffer any financial loss. The fallacy of this reasoning is that it is based on the erroneous premise that this action is a suit for damages for breach of contract. There was no requirement in the contract that Prichard was to sell its beer at a fixed price or that the price charged its customers was to be regulated by the price it was required to pay Heidelberg. Prichard's transactions with its customers were independent of any transaction with Heidelberg, and the former's rights under its contract with the latter were not affected either way by any contract Prichard had entered into with one of its customers. The action is strictly one to recover money illegally (as was determined on the first appeal) obtained from Prichard and which it paid to Heidelberg under protest. In such circumstances the law implies a contract to refund which will be enforced by the courts. Illinois Central R. Co. v. Paducah Brewery Company, 157 Ky. 357, 163 S.W. 239.
In support of Heidelberg's plea of estoppel it alleged that since the mandate following the decision on the first appeal was filed in the court below, Prichard breached the contract by refusing to accept beer batched and brewed in accordance with the formula hereinbefore referred to. We do not see that this can affect Prichard's right to a refund of money illegally collected from him previous to the breach. If Prichard has breached his contract since the effective date of the declaration of the rights of the parties under the contract, Heidelberg may obtain relief based on such breach but it cannot constitute a bar to Prichard's right to recover on the implied contract to refund. Neither can damages nor other relief for such breach of contract be recovered in this action, because, such right, if any Heidelberg has, would not be based on the judgment heretofore entered declaring the rights of the parties.
There remains for our determination the question as to whether the court has jurisdiction to enter a money judgment in a declaratory judgment action. Heidelberg relies on Jefferson County ex rel. Coleman v. Chilton, 236 Ky. 614, 33 S.W.2d 601; Edwards v. Bernstein, 231 Ky. 100, 21 S.W.2d 133; Brindley v. Meara, 209 Ind. 144, 198 N.E. 301; Porcelain Enamel & Mfg. Co. of Baltimore v. Jeffrey Mfg. Co., 177 Md. 677, 11 A.2d 451. In the Chilton case, supra, the court merely held that one may not file an action under the Declaratory Judgment Act for the determination of a question presented in a suit then pending. In the Edwards case, supra, the court merely held that an action for a declaration of rights of the parties in respect to a ten year leasehold must be brought in the county of the defendant's residence. The foreign cases relied on are decisions construing Declaratory Judgment Acts of the states indicated and even if the Acts they construed are substantially the same as ours and those opinions are susceptible of the construction placed on them by Heidelberg (which under other circumstances we would feel called upon to question), they would not be binding or even persuasive, because we have construed our own statute in several cases to the effect that one may obtain a money judgment as consequential relief in a declaratory judgment action. One of the cases so deciding is Veith v. Tinnell, 306 Ky. 484, 207 S.W.2d 325.
The judgment is reversed with directions that it be set aside and that another be entered in conformity with this opinion.