C. B. STEWART, Appellant,

v.

Robert Lee SIZEMORE et al., Appellees.

Court of Appeals of Kentucky.

Feb. 12, 1960.

Smith, Denham & Gillis, Middleboro, for appellant.

A. E. Cornett, Hyden, for appellees.

CULLEN, Commissioner.

This is the second appeal of this case, which is an action by Robert Lee Sizemore and wife against C. B. Stewart for damages for the destruction by fire of a house owned by the Sizemores. A coal truck owned by Stewart and driven by his employe caught fire on the highway, and the driver stopped the truck on the side of the highway near the Sizemores' house. It is claimed that the fire from the truck spread to the house and caused it to burn down. The action is based upon alleged negligence of the truck driver.

On the first trial a judgment upon a jury verdict, in the amount of $2,000, was rendered for the plaintiffs. On appeal the judgment was reversed and the case remanded for a new trial. Stewart v. Sizemore, Ky., 306 S.W.2d 821.

On the second trial, the jury made an award of $1,500 damages, and judgment was entered for the plaintiffs for that amount. The case is now here on a motion for an appeal from that judgment.

■ The first contention is that the defendant was entitled to a directed verdict because the proof did not establish any negligence on the part of the truck driver. This same question was presented on the first appeal, and since there is no suggestion that the evidence as to negligence on the second trial was materially different from that on the first trial, we must hold that consideration of the question on this appeal is precluded by the opinion on the first appeal, even though that opinion did not discuss the question. Appalachian Stave Co. v. Pickard, 266 Ky. 565, 99 S.W.2d 472.

■ On the first trial the court permitted evidence to be given by the plaintiff as to the fair market value of the house. In the opinion on the first appeal we pointed out that the proper measure of damages is not the fair market value, but the "fair and reasonable value of the property when and where destroyed." We directed attention to Prestonsburg Superior Oil Gas Co. v. Vance, 215 Ky. 77, 284 S.W. 405, 47 A.L.R. 483, and stated that upon a second trial the circuit court would be governed by the Vance case. Notwithstanding this clear and positive ruling and direction, the circuit court on the second trial again permitted the plaintiff, over repeated objections by the defendant, to introduce testimony as to the fair market value of the house.

Obviously, the case must again be reversed for error with respect to the measure of damages. And we will say that we cannot understand why the circuit court and plaintiffs' counsel chose to ignore completely the express holding and specific direction set forth in the opinion on the former appeal. It is with great restraint that we refrain from further critical comment.

■ The appellant suggests that since the only competent evidence in the record with respect to damages is his own testimony fixing the damages at $500, the case should be reversed not for another trial, but with directions to reduce the judgment to $500. He cites Ingram v. Maryland Casualty Co., Ky., 309 S.W.2d 763, and Scalf v. Scalf, Ky., 312 S.W.2d 467. The latter case is an alimony case and has no application here. In the Ingram case the plaintiff sought recovery for, and was awarded, three separate items of damages. On the appeal this Court concluded that the proof did not support one of the items of damages, and reversed the case only to the extent of directing that the amount awarded for this item be deleted from the judgment. But that is not comparable to the situation here. It is not a matter here of failure of proof, but of the improper admission of incompetent evidence. To follow the appellant's suggestion, and reverse the case with directions to reduce the judgment to $500, would be the equivalent of granting a directed verdict as to damages. And we are not aware of any precedent for holding that incompetent evidence, improperly admitted by the trial court, is the equivalent of no evidence at all, from the standpoint of the granting of a directed verdict for failure of proof. We believe the case must be reversed for another trial.

■ There have been two trials already, on each of which the jury found negligence and causation. We are committed to a holding that the evidence on these issues was sufficient to go to the jury. Under these circumstances, it is our opinion that upon another trial liability should be considered as established, and only the question of damages should be tried. See Jackson v. Raisor, Ky., 248 S.W.2d 905.

The motion for an appeal is sustained and the judgment is reversed, with directions for a new trial, to be limited to the issue of the amount of damages.