RENDERED: SEPTEMBER 10, 2021; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0515-WC

MARIA JIMENEZ                                              APPELLANT

|   | PETITION FOR REVIEW OF A DECISION |
|---|---|
| v. | OF THE WORKERS' COMPENSATION BOARD |
|   | ACTION NO. WC-14-73573 |

LAKSHMI NARAYAN
HOSPITALITY GROUP LOUISVILLE;
HONORABLE JONATHAN R.
WEATHERBY, ADMINISTRATIVE
LAW JUDGE; AND WORKERS'
COMPENSATION BOARD                                APPELLEES

## OPINION
## REVERSING

** ** ** ** **

BEFORE: ACREE, COMBS, AND MAZE, JUDGES.

COMBS, JUDGE: This case involves the reopening of a claim in a Workers' Compensation case. Maria Jimenez, the Appellant, appeals from an opinion of the Workers' Compensation Board that reversed an Administrative Law Judge's award on the ground that it was barred by *res judicata*. After our review, we reverse.

On September 22, 2015, Jimenez filed a Form 101[1] in the underlying claim alleging that she injured her head, neck, left shoulder, and back on June 6, 2014, when she "[s]lipped & fell while cleaning bathroom, hit head & lost consciousness." At that time, Jimenez was employed as a housekeeper by the Appellee, Lakshmi Narayan Hospitality Group Louisville (Holiday Inn).

The claim was litigated. At the June 20, 2016, Benefit Review Conference (BRC), the parties stipulated that "Plaintiff sustained a work-related injury or injuries on 6/6/14," that no temporary total disability (TTD) benefits had been paid, and that the defendant-employer had paid $11,322.43 in medical expenses.

On May 1, 2017, Chief Administrative Law Judge (CALJ) Douglas Gott rendered an opinion and order in the underlying claim, awarding Jimenez TTD benefits as follows in relevant part:

> There is no medical evidence of permanent injuries so there is no basis for an award of permanent income benefits. However, [Jimenez] claims temporary total disability benefits . . . . Plaintiff relies on Dr. Lisner, who the records show took her off work from August 15, 2014 through April 22, 2015; the Defendant relies on Dr. Best, who did not believe her to have ever been temporarily totally disabled.
>
> The ALJ relies on Dr. Lisner to find Jimenez is entitled to TTD from August 15, 2014 through April 22, 2015.

---

[1] Application for Resolution of Injury Claim.

Because Jimenez does not have a permanent injury, or otherwise have evidence to support the need for permanent income benefits,[2] no such award will be made. F.E.I. Installation, Inc. vs. Williams, 214 S.W.3d 313 (Ky. 2007).

It is therefore ordered Jimenez shall recover TTD . . . from August 15, 2014 through April 22, 2015, with interest at 12% per annum. Jimenez's claims for future medical or income benefits are dismissed.

Neither party appealed. On July 25, 2019, Jimenez filed a Form MTR (motion to reopen) on the ground of change of disability as shown by objective medical evidence, reciting as follows in relevant part:

3.) Since May 1, 2017, the Plaintiff has received treatment at the Family Health Center in Louisville where she was diagnosed with cervicalgia and depressive disorder . . . Ultimately, Plaintiff was referred to Leatherman Spine where she was seen on April 24, 2018 and received a diagnosis of cervical disc disease.

4.) Plaintiff was evaluated by Dr. Robert Byrd on February 25, 2019 and his report is attached to this Motion. Dr. Byrd has diagnosed cervical spondylosis and indicates that her condition has worsened from what it was in May of 2017.[3]

---

[2] In the September 5, 2019, Order granting Jimenez's motion to reopen, *infra*, CALJ Gott noted that the original opinion should have read as follows: "Because Jimenez does not have a permanent injury, or otherwise have evidence to support the need for permanent *medical* benefits . . . ." (Emphasis added.)

[3] Jimenez explains in her petition for review that she had to obtain another evaluation from Dr. Gregory Nazar, whose report she filed because Dr. Byrd refused to comply with the fee schedule for his deposition (which Holiday Inn attempted to schedule on cross-examination). By order entered February 14, 2020, the ALJ granted Holiday Inn's motion to strike Dr. Byrd's report.

In her accompanying affidavit, Jimenez maintained that her condition had deteriorated since May 1, 2017, and that her pain level had increased.

On July 30, 2019, Holiday Inn filed a response and objection. Holiday Inn submitted that Jimenez's motion to reopen should "be dismissed based upon the CALJ's previous findings, including the finding that the Plaintiff had not sustained a permanent injury, and the principle of *res judicata*."

By order entered on September 5, 2019, CALJ Gott granted Jimenez's motion, having determined that she made a *prima facie* case for reopening as follows in relevant part:

> The CALJ recognizes Defendant's res judicata argument, but, mindful of Newburg v. Cash, 854 S.W.2d 791 (Ky. 1993), will allow the parties to argue before an ALJ whether or not Plaintiff can seek benefits for a permanent injury on reopening after having claims for permanent income and future medical benefits dismissed in the original action. Plaintiff is entitled to pursue her claim of the subsequent development of work related depression, and that is further reason to permit her accompanying attempt to prove she can maintain a claim for worsening of her physical injuries.
>
> Plaintiff's motion to reopen, as to a prima facie case to proceed with assignment to an administrative law judge for decision on the merits, is sustained.
>
> (As an incidental matter, the CALJ recognizes an error in his 2017 Opinion. The last paragraph of page one should read ". . . evidence to support the need for future medical benefits . . ." instead of "evidence to support the need for permanent income benefits . . ."[ )].

The reopened case was assigned to ALJ Weatherby and was litigated. On December 10, 2020, ALJ Weatherby entered an opinion and order finding that *res judicata* was inapplicable, that Jimenez had sustained her burden on reopening, and that she had established a worsening of her condition. The ALJ found Jimenez to be credible and awarded permanent partial disability (PPD) benefits based upon the 4% impairment rating assigned by Dr. Nazar -- as well as medical expenses that might reasonably be required for the cure and relief from the effects of the work-related injury.

Holiday Inn filed a petition for reconsideration on various grounds. By order entered on January 6, 2021, ALJ Weatherby issued an Amended Opinion, Award, and Order, which provides as follows:

> 12. The ALJ finds that KRS[4] 342.125 renders the doctrine of res judicata inapplicable in this instance because the medical evidence that the ALJ finds persuasive indicates that the full nature of the Plaintiff's injury was not known at the time of the award of temporary total disability in May of 2017.
>
> . . .
>
> 14. The ALJ finds that Dr. Nazar credibly related a portion of the Plaintiff's permanent impairment to the work incident and that the matter was therefore properly reopened for a worsening of condition. The ALJ finds that because the relationship between the work incident and the Plaintiff's impairment was not clear to Dr. Lisner at the time of the initial award of temporary total

---

[4] Kentucky Revised Statutes.

disability and because Dr. Nazar has provided clarity to that issue, the matter was properly reopened. The ALJ finds that the same principles apply to the requirement for compulsory joinder.

. . .

19. The ALJ finds that the testimony of the Plaintiff was credible and convincing with regard to the ongoing problems that she has experienced after the work injury. The credible testimony of the Plaintiff has lent credibility to the opinion of Dr. Nazar who has opined that the Plaintiff suffered a 4% whole person impairment for the work injury and issued restrictions including no lifting, carrying, pushing, or pulling objects greater than 25 pounds, to avoid repetitive movements with the neck, and to avoid repetitive neck extension activities.

20. The opinion of Dr. Nazar is also supported by the diagnostic imaging upon which his opinion is at least partially based. When viewing this credible assessment from Dr. Nazar and comparing it to the earlier Opinion and Award issued by ALJ Gott, it is clear that the Plaintiff has sustained a worsening of condition as established by objective medical findings including diagnostic imaging.

Holiday Inn appealed to the Workers' Compensation Board. By opinion entered on April 9, 2021, the Board reversed and remanded the claim to the ALJ with direction "to dismiss this reopening as barred by *res judicata*." The Board explained that:

KRS 342.125 provides, in pertinent part, as follows:

(1) Upon motion by any party or upon an administrative law judge's own motion, an administrative law judge may reopen and

-6-

review any award or order on any of the following grounds:

(a) Fraud;

(b) Newly-discovered evidence which could not have been discovered with the exercise of due diligence;

(c) Mistake; and

(d) Change of disability as shown by objective medical evidence of worsening or improvement of impairment due to a condition caused by the injury since the date of the award or order.

(2) No claim which has been previously dismissed or denied on the merits shall be reopened except upon the grounds set forth in this section.

**We find the express and unambiguous language of KRS 342.125(2) controls. Jimenez's original claim was previously dismissed on the merits as the ALJ found no evidence of a permanent injury. In addition, the ALJ considered the issue of entitlement to future medicals pursuant to <u>FEI Installations v. Williams</u> 214 S.W.3d 313 (Ky. 2007) and determined an award of future medicals were** [sic] **not appropriate. Therefore the award was only for a limited period of TTD only and no permanent benefits of any type were awarded. The award was for a specific closed period of time. Therefore, this claim is not subject to a reopening based upon a "Change of disability as shown by objective medical evidence of worsening . . . of impairment due to a condition caused by the injury since the date of the award or order."**

We find Jimenez's arguments are flawed. Considering the ALJ's determination as to permanency in the May 17, 2017 Opinion and Order dismissing Jimenez's claim, the fact that more recent medical evidence may support a conclusion that the [sic] her neck condition has deteriorated since that time, does not constitute sufficient grounds for reopening. Neither is the fact her condition allegedly has become "medically viable" or that a physician is now apparently willing to provide favorable testimony regarding permanency.

In 2017, the injuries to Jimenez's neck as alleged in the original application for benefits were determined by the CALJ to not have caused a permanent condition. Rather, the CALJ held Jimenez's injuries and any residuals were only temporary. . . . That determination was not appealed. Accordingly, as argued by Holiday Inn, **the CALJ's decision, with regard to permanency of any cervical condition, now long since final, is subject to the doctrine of *res judicata*.**

In this instance, we treat the doctrine of *res judicata* as a legal concept involving issue preclusion. Except as otherwise authorized under KRS 342.125, when an issue is fully and extensively litigated and a decision is reached upon the merits by the ALJ, and not challenged via an appeal, the issue becomes *res judicata* and law of the case. E.F. Prichard Co. v. Heidelburg Brewing Co., 314 Ky. 100, 234 S.W.2d 486 (1950); Stewart v. Sizemore, Ky., 332 S.W.2d 281 (1960). In order for *res judicata* to be applicable, there must be identity of the parties, identity of the facts, and identity of the issues leading to a final decision on the merits. BTC Leasing, Inc. v. Martin, Ky. App., 685 S.W.2d 191 (1984). That is exactly what we face here. As a matter of law, therefore, relitigation of the underlying issue of permanency under the auspices of KRS 342.125 is precluded.

(Underline original and bold-face emphases added.)

-8-

Furthermore, the Board found nothing to convince it that the CALJ's determination as to permanency was substantially induced by a misconception. "The evidence pertaining to permanency did not exist and the CALJ, as fact-finder, based his dismissal on substantial evidence of record. . . . That finding is now *res judicata*."

Jimenez appeals. The sole issue on appeal is whether under KRS 342.125(1)(d) and (2) a claimant can open a prior workers' compensation claim in which no PPD was awarded. Holiday Inn contends that the Board's determination that the reopening was barred by *res judicata* is consistent with KRS 342.125 and controlling caselaw regarding temporary injuries. We disagree. Instead, we agree with Jimenez that the Board erred in its analysis and that nothing in KRS 342.125(1)(d) or (2) precludes reopening a claim where no PPD was awarded.

"The Court of Appeals conducts a review of the Board with the purpose of '[correcting] the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice.'" *Jolly v. Lion Apparel, Inc.*, 621 S.W.3d 411, 417 (Ky. 2021) (quoting *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992)). We are constrained to conclude that a flagrant error has occurred in this case.

KRS 342.125(1) permits an ALJ to reopen a claim on the following grounds:

(a) Fraud;

(b) Newly-discovered evidence which could not have been discovered with the exercise of due diligence;

(c) Mistake; and

(d) Change of disability as shown by objective medical evidence of worsening or improvement of impairment due to a condition caused by the injury since the date of the award or order.

KRS 342.125(2) governs the reopening of a claim which has been dismissed and provides that: "No claim which has been previously dismissed or denied on the merits shall be reopened **except upon the grounds set forth in this section**." (Emphasis added.) The Board determined that the "express and unambiguous language of KRS 342.125(2) controls." We agree that it does. However, we believe that the Board misconstrued the statute and erred in holding that Jimenez's claim is not subject to reopening because her original award was only for a period of TTD benefits and was not appealed.

Jimenez reopened her claim as authorized by KRS 342.125(2) based upon the very grounds set forth in KRS 342.125(1)(d). Nothing in the plain language of KRS 342.125(2) precludes reopening a TTD award. "When interpreting the language in a statute, we are to assume that the General Assembly

intended the statute to mean exactly what it says." *Witt v. E. Kentucky Univ.*, 205 S.W.3d 263, 265 (Ky. App. 2006).

We conclude that the Board erred in its analysis that CALJ Gott's decision in the original claim -- that Jimenez's injury was only temporary -- is subject to the doctrine of *res judicata* so as to bar reopening under KRS 342.125. We are persuaded that the Board has wholly misconstrued and misapplied the doctrine of *res judicata* in the context of reopening of a workers' compensation claim. As our Supreme Court explained in *Whittaker v. Reeder*, 30 S.W.3d 138, 143 (Ky. 2000):

> Workers' compensation is a creature of statute. As set forth in Chapter 342, workers' compensation proceedings are administrative rather than judicial. Although the principles of error preservation, *res judicata*, and the law of the case apply to workers' compensation proceedings, they apply differently than in the context of a judicial action. For that reason, authority based upon judicial proceedings is not necessarily binding in the context of proceedings under Chapter 342.

The authority which the Board cites at page 10 of its opinion in discussing the doctrine of *res judicata* is based upon judicial proceedings -- ***not*** proceedings under KRS Chapter 342.[5]

---

[5] All of the bases upon which the Board relied are rooted exclusively in judicial proceedings. *Prichard*, *supra*, involved a declaration of rights of the parties under a contract; *Stewart*, *supra*, involved an action for damages for the destruction of a house; *BTC Leasing, Inc*, *supra*, involved a mechanic's or materialmen's lien.

[I]n 3 Larson, *The Law of Workmen's Compensation* § 79.72(f) (1993), we find the following:

> **It is almost too obvious for comment that res judicata does not apply if the issue is claimant's physical condition or degree of disability at two different times. . . . A moment's reflection would reveal that otherwise there would be no such thing as reopening for change in condition**.

*Woodbridge INOAC, Inc. v. Downs*, 864 S.W.2d 306, 307 (Ky. App. 1993) (emphasis added), *superseded by statute as stated in Rister v. Scrubet, Inc*., No. 2010-SC-000296-WC, 2011 WL 1103895 (Ky. Mar. 24, 2011). By its very nature, a reopening under KRS 342.125(1)(d) involves the issue of the claimant's degree of disability at two different times -- a "[c]hange of disability as shown by objective medical evidence of worsening or improvement of impairment due to a condition caused by the injury *since the date of the award or order*." (Emphasis added.)

> Kentucky law has long held as follows:
>
> Compensation cases may be reopened on grounds that would not be sufficient to authorize the disturbance of judgments in common law or equity proceedings. A 'change of condition,' for example, would not overcome the defense of res adjudicata in a tort case as it does in a compensation case. Cf. KRS 342.125. . . . Where the statute expressly provides for reopening under specified conditions, the rule of res adjudicata has no application when the prescribed conditions are present.

*Stambaugh v. Cedar Creek Mining Co.*, 488 S.W.2d 681, 682 (Ky. 1972).

-12-

We also note *Newberg v. Cash*, 854 S.W.2d 791 (Ky. App. 1993). Although *Cash* was decided under a prior version of KRS Chapter 342, it is applicable to the case before us. In *Cash*, the old board determined that Cash had failed to establish that he suffered from occupational disability in the underlying claim. Upon reopening, Cash received an award of 30% PPD. "The ALJ's decision that Cash had undergone a change in occupational disability, being supported by substantial evidence, was properly affirmed by the board." *Id*. at 792.

We agree with Jimenez that the Board erred in concluding that her motion to reopen is barred by the doctrine of *res judicata*. Accordingly, we REVERSE the opinion of the Workers' Compensation Board and direct the Board to reinstate the award of the ALJ.

ALL CONCUR.

BRIEF FOR APPELLANT:

Phillipe W. Rich
Louisville, Kentucky

BRIEF FOR APPELLEE:

E. Shane Branham
Crystal L. Moore
Lexington, Kentucky