Luther HARLAN and George Bandy, Citizens, Taxpayers and Residents of Clinton County, on Behalf of all Taxpayers of Clinton County for the Use and Benefit of Clinton County, Appellants,

v.

John SAWYERS, Appellee.

Court of Appeals of Kentucky.

May 11, 1956.

Hile Prichard, Albany, R. B. Bertram, Monticello, for appellants.

James A. Hicks, Albany, J. T. Orendorf, Bowling Green, Duncan & Huddleston, Bowling Green, for appellee.

SIMS, Judge.

This action was instituted by Luther Harlan and George Bandy, citizens, residents and taxpayers of Clinton County, on behalf of all other taxpayers of that county against John Sawyers to recover $9,000 salary paid him as sheriff by the fiscal court from July 1950 through July 1953. Demand had been made by the plaintiffs upon the fiscal court to bring this suit and upon refusal the taxpayers brought suit and upon refusal the taxpayers brought it. Upon motion of defendant, the court in an exhaustive opinion dismissed the complaint on the ground the fiscal court had authority to pay this salary to defendant, since it was stipulated his total remuneration for any of the years involved did not exceed $7,200, the limit fixed by § 246 of the Kentucky Constitution.

Both sides admit the fiscal court is a court of limited jurisdiction and can only make appropriations authorized by statute, citing such cases as Ray v. Woodruff, 168 Ky. 563, 182 S.W. 662; Logan County v. Russell, 203 Ky. 592, 262 S.W. 953; Mills v. Lantrip, 170 Ky. 81, 185 S.W. 514. Plaintiffs insist there is no statute authorizing the fiscal court to pay a salary to sheriffs, while defendant contends there is statutory authority for the payment of such salary. Therefore, we must examine the various statutes to determine who is correct.

As the 1948 amendment to § 246 of our Constitution, which was ratified by the voters at the November 1949 election, fixed different limitations upon the salaries of various officials, the General Assembly realizing the necessity of raising salaries and at the same time of keeping them within the various limitations set out in § 246, in 1950 passed a long and comprehensive act fixing the salaries of various officials and repealing many statutes which dealt with such salaries. See Acts 1950, Chapter 123, pp. 526–540. Many of the sections of this 1950 Act are incorporated in KRS Chapter 64 dealing with "Fees, Compensation of Public Officers, Employes".

It is provided in KRS 64.530(1), "Except as provided in subsections (2) and (3) of this section [which relate to officers in counties having a population of 75,000 or more, and to justices of the peace and county commissioners in counties not containing cities as high as fourth class], the fiscal court of each county shall fix the compensation of every county officer and employe." This section further provides the fiscal court shall fix the maximum compensation of officers paid partly from fees and partly by salary. Defendant

argues this statute authorizes the fiscal court to pay him a salary, but plaintiffs insist that KRS 64.630 specifically states it is the intention of KRS 64.480 to 64.760 to provide for the maximum compensation that may be received by the officer and not the source of such compensation. We quote KRS 64.630: "Nothing in KRS 64.-480 to 64.760 is intended to change or to authorize any public officer or body to change the amount or rate of any fee or percentage prescribed by law, it being the intention of KRS 64.480 to 64.760, with respect to officers receiving compensation from fees or percentages, to fix or provide for the fixing of the maximum compensation that may be received by the officer, and not the sources of such compensation."

It must be admitted that KRS 64.530 and 64.630 are none too clear. However, we call attention to KRS 64.720 which reads: "Except where the law provides that the compensation shall be paid out of the fees of the office, the fiscal court may authorize payment of compensation out of the county treasury to any county officer or employe specifically provided for by law."

There is no law providing sheriffs shall be compensated out of the fees of their offices except § 106 of our Constitution and KRS 64.345, both of which relate to the compensation of sheriffs and jailers in counties having a population of 75,000 or more, which is to be paid out of the state treasury. It is provided in KRS 64.345 the sheriffs and jailers in counties of 75,000 or more are to be paid a salary of $7,200 from 75% of the fees collected by those officials. And KRS 64.350 states the remaining 25% of the fees collected by such sheriffs and jailers shall be returned by the state treasury to the counties. As Clinton County has a population of less than 75,000, there is no statute providing the sheriff thereof shall be paid out of the fees of his office, hence KRS 64.720 specifically authorizes the fiscal court to pay the sheriff a salary out of the county treasury. Of course, under § 246 of the Constitution, the sheriff's entire compensation shall not exceed $7,200.

We are fortified in the conclusion reached by the fact that KRS 64.720 was § 31 of Chapter 123 of the Acts of 1950, p. 540, which chapter is the comprehensive statute passed by the General Assembly in fixing the salaries of the many state and county officials made necessary by the amendment of § 246 of our Constitution.

Furthermore, this 1950 Act repealed KRS 25.250 and 25.260 wherein the fiscal court was authorized to fix the salaries of county judges to be paid out of the county treasury. With those sections repealed, there would be no way for the county judges to be paid unless KRS 64.720 authorized the fiscal court to pay them.

It is manifest the General Assembly in passing § 31 of Chapter 123 of the Act of 1950 (now KRS 64.720) intended to, and did, authorize the fiscal court of all counties except those having a population of 75,000 or more, to pay the sheriffs a salary from the county treasury.

The judgment is affirmed.